[No. B234814. Second Dist., Div. Five. Mar. 14, 2013.]

THE PEOPLE, Plaintiff and Respondent, v.
GEORGE RAY THOMAS, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION***]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, part I., the heading for part III., and the entirety of part III.G.1. and part IV. are certified for publication.

**COUNSEL**

Carla Castillo, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Herbert S. Tetef, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**TURNER, P. J.—**

## I.   INTRODUCTION

A jury convicted defendant, George Ray Thomas, of possessing cocaine base for sale (Health & Saf. Code,[1] § 11351.5) and transporting a controlled substance (§ 11352, subd. (a)). Defendant admitted that special allegations were true concerning two prior drug convictions (§ 11370.2, subd. (a)); two prior prison terms (Pen. Code, § 667.5, subd. (b)); and two prior serious or violent felony convictions (Pen. Code, §§ 667, subds. (b)–(i), 1170.12). He was sentenced to 31 years to life in state prison.

In the published portion of this opinion, we address whether the two section 11370.2, subdivision (a) three-year prior drug conviction enhancements must be imposed on both counts. In addition, we address whether the trial court has discretion pursuant to Penal Code section 1385, subdivision (a) to strike either or both of the prior drug conviction enhancements. As defendant has received two indeterminate terms, the enhancements must be imposed on both counts subject to being stricken pursuant to Penal Code section 1385, subdivision (a). We affirm the judgment with modifications.

## II.   THE EVIDENCE*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

.

## III.   DISCUSSION

### A.–F.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1] All further statutory references are to the Health and Safety Code except where otherwise noted.

*See footnote, *ante*, page 636.

.

## G. Sentencing

### 1. Section 11370.2, subdivision (a)

Defendant received two indeterminate sentences. As to count 1, defendant received a sentence of 31 years to life. For his count 1 conviction, he received a sentence of 25 years to life because of his prior violent or serious convictions. And he received six additional years as to count 1 for the two section 11370.2, subdivision (a) three-year prior drug conviction enhancements. As to count 2, defendant received a concurrent 25-year-to-life sentence. However, the trial court never imposed the two section 11370.2, subdivision (a) three-year prior drug conviction enhancements on count 2. In the unpublished portion of this opinion, we have directed the trial court to stay one of the two counts pursuant to Penal Code section 654, subdivision (a).

There is no issue as to whether defendant can receive indeterminate sentences. Defendant was previously convicted of deadly weapon assault and attempted murder. (Pen. Code, §§ 187, 245, subd. (a)(2), 664.) Hence, he was subject to indeterminate terms on both counts 1 and 2 as the law was in effect on the date of sentencing, July 25, 2011. (Pen. Code, §§ 667, subd. (e)(2)(A), as amended by Stats. 1994, ch. 12, § 1, pp. 71, 74, 1170.12, subd. (c)(2)(A), as added by Prop. 184, as approved by voters, Gen. Elec. (Nov. 8, 1994).) After defendant was sentenced, Penal Code sections 667, subdivision (e) and 1170.12, subdivision (c) were amended when the voters adopted Proposition 36 in the November 6, 2012 General Election. None of the November 6, 2012 amendments work to defendant's benefit. Defendant remains subject to indeterminate sentences. This is because one of defendant's prior serious and violent felony convictions was for attempted murder. The ameliorative provisions of Proposition 36 for recidivists are unavailable when the accused has been previously convicted of an attempted homicide as occurred here. (Pen. Code, §§ 667, subd. (e)(2)(C)(iv)(IV), 1170.12, subd. (c)(2)(C)(iv)(IV),[4] as approved by voters, Gen. Elec. (Nov. 6, 2012).)

■ Section 11370.2, subdivision (a) states in part, "Any person convicted of a violation of . . . Section . . . 11351.5, or 11352 shall receive, in addition

---

[4] Penal Code section 667, subdivision (e)(2)(C)(iv)(IV) states in part: "If a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7 that have been pled and proved, and the current offense is not a serious or violent felony as defined in subdivision (d), the defendant shall be sentenced pursuant to paragraph (1) of subdivision (e) unless the prosecution pleads and proves any of the following: [¶] . . . [¶] (iv) The defendant suffered a prior serious and/or violent felony conviction, as defined in subdivision (d) of this section, for any of the following felonies: [¶] . . . [¶] (IV) Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive." (See § 1170.12, subd. (c)(2)(C)(iv)(IV).)

to any other punishment authorized by law, including Section 667.5 of the Penal Code, a full, separate, and consecutive three-year term for each prior felony conviction of . . . Section . . . 11351.5, [or] 11352 . . . whether or not the prior conviction resulted in a term of imprisonment." Here, defendant was convicted of violating sections 11351.5 (count 1) and 11352, subdivision (a) (count 2), both of which bring him within the scope of section 11370.2. subdivision (a). Moreover, he had sustained two prior drug convictions for violating section 11351, in case No. TA027867 and in *People v. Thomas* (Super. Ct. L.A. County, 1988, No. A644778). The trial court imposed the section 11370.2, subdivision (a) prior drug conviction enhancements on count 1, but not on count 2. Generally, the failure to impose a mandatory enhancement or strike it, if it is legally permissible to do so, is a jurisdictional error which may be corrected on appeal. (*People v. Dotson* (1997) 16 Cal.4th 547, 554, fn. 6 [66 Cal.Rptr.2d 423, 941 P.2d 56] [failure to impose Pen. Code, § 667, subd. (a) five-year prior conviction enhancement]; *In re Renfrow* (2008) 164 Cal.App.4th 1251, 1254 [79 Cal.Rptr.3d 898] [failure to impose or strike a Pen. Code, § 667.5, subd. (b) prior prison term enhancement].)

■ Because defendant was sentenced to indeterminate terms, the prior conviction enhancements may be imposed on both counts. (*People v. Williams* (2004) 34 Cal.4th 397, 400 [19 Cal.Rptr.3d 619, 98 P.3d 876] [Pen. Code, § 667, subd. (a) five-year enhancement for a prior serious felony conviction]; *People v. Garcia* (2008) 167 Cal.App.4th 1550, 1559 [85 Cal.Rptr.3d 155] [Pen. Code, § 667.5, subd. (b) prior prison term enhancements].) If this were a case where both counts were determinate terms, then only one set of section 11370.2, subdivision (a) prior conviction enhancements could be imposed. (*People v. Williams, supra*, 34 Cal.4th at p. 402; *People v. Tassell* (1984) 36 Cal.3d 77, 89–92 [201 Cal.Rptr. 567, 679 P.2d 1], overruled on a different point in *People v. Ewoldt* (1994) 7 Cal.4th 380, 386–387, 401 [27 Cal.Rptr.2d 646, 867 P.2d 757]; *People v. Misa* (2006) 140 Cal.App.4th 837, 846–847 [44 Cal.Rptr.3d 805].) But because both counts resulted in indeterminate terms, both 25-year-to-life sentences may be enhanced pursuant to section 11370.2, subdivision (a). Upon remittitur issuance, the trial court must impose both three-year section 11370.2, subdivision (a) enhancements on count 2, subject to the discussion in the following paragraph.

■ However, the trial court retains the authority to strike either or both of the three-year section 11370.2, subdivision (a) enhancements on count 2. No statute prevents a trial court from exercising discretion pursuant to Penal Code

section 1385, subdivision (a). The dismissal power under Penal Code section 1385, subdivision (a) applies unless there is " 'clear legislative direction' " that trial courts may not dismiss an enhancement. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 518 [53 Cal.Rptr.2d 789, 917 P.2d 628]; see *People v. Campos* (2011) 196 Cal.App.4th 438, 451 [126 Cal.Rptr.3d 274].) Penal Code section 1385, subdivision (a) applies unless there is "clear language" evincing a legislative intention to deny a trial court the authority to dismiss a particular enhancement. (*People v. Fritz* (1985) 40 Cal.3d 227, 230 [219 Cal.Rptr. 460, 707 P.2d 833]; see *People v. Campos, supra,* 196 Cal.App.4th at p. 451.) No such clear legislative direction appears anywhere in connection with section 11370.2, subdivision (a). Thus, the trial court retains discretion to strike or dismiss either or both of the section 11370.2, subdivision (a) three-year prior drug conviction enhancements on count 2. Once the remittitur issues, the trial court may, if it chooses, exercise its discretion and strike or dismiss either or both of the count 2 prior drug conviction enhancements. Any dismissal order striking or dismissing either or both of the enhancements must fully comply with the requirement that the reasons be set forth in the clerk's minutes. (Pen. Code, § 1385, subd. (a); *People v. Superior Court (Romero), supra,* 13 Cal.4th at p. 531.)

2.–7.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## IV.  DISPOSITION

The judgment is modified to impose Health and Safety Code section 11370.2, subdivision (a) enhancements on count 2 (subject to the trial court striking them); a $50 criminal laboratory analysis fee (Health & Saf. Code, § 11372.5, subd. (a)) plus penalties and the surcharge totaling $130 as to each count; a $40 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)) as to each count; and a $30 court facilities assessment (Gov. Code, § 70373, subd. (a)(1)) as to each count. The judgment is further modified to award defendant credit for 497 days in presentence custody plus 248 days of conduct credit for a total of 745 days. In all other respects, the judgment is affirmed. Upon remittitur issuance, the trial court shall stay the sentence on

---

*See footnote, *ante,* page 636.

one of the two counts pursuant to Penal Code section 654, subdivision (a). In addition, the trial court is to either impose or strike the prior separate prison term enhancements (Pen. Code, §§ 667.5, subd. (b), 1385, subd. (a)) as to each count.

Armstrong, J., and Mosk, J., concurred.

A petition for a rehearing was denied April 3, 2013, and appellant's petition for review by the Supreme Court was denied June 19, 2013, S210172.