Filed 12/26/13  P. v. Lott CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B249239 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA058860) |
| v. | |
| JONATHAN BOOKER LOTT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Roger Ito, Judge.  Affirmed.

Jill Ishida, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant, Jonathan Booker Lott, appeals from a April 9, 2013 order denying his petition to be resentenced under Penal Code section 1170.126. We appointed counsel to represent defendant on appeal. After examination of the record, appointed appellate counsel filed an "Opening Brief" in which no issues were raised. Instead, appointed appellate counsel requested we independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284.) On October 11, 2013, defendant filed a supplemental brief raising issues concerning the validity of his conviction and submitted documents indicating he had completed programs while in the state penitentiary.

His appeal is frivolous. The time to challenge the validity of his conviction expired 60 days after he was sentenced on April 3, 2001. No notice of appeal was filed and his conviction has been final for the last 12 and one-half years. (*In re Ronald E.* (1977) 19 Cal.3d 315, 322; *People v. Clark* (1938) 24 Cal.App.2d 302, 307.) And, he may not challenge the sufficiency of the evidence because he pled guilty, no contest or nolo contendre. (*People v. McCullough* (2013) 56 Cal.4th 589, 596; *In re Troy Z.* (1992) 3 Cal.4th 1170, 1180-1181.) Further, defendant cannot seek resentencing because he was previously convicted of attempted murder. Penal Code sections 1170.126, (e)(3), 667, subdivision (e)(A)(iv)(IV) and 1170.12 subdivision (subdivision (c)(A)(iv)(IV) bar resentencing. (*People v. Thomas* (2013) 214 Cal.App.4th 636, 639.)

We have examined the entire record. We are satisfied appointed appellate counsel has fully complied with her responsibilities. No argument exists favorable to defendant on appeal. (*People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

The April 9, 2013 order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

KRIEGLER, J.

KUMAR, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.