Filed 9/4/14  P. v. Cortes CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FRANCISCO JAVIER CORTES,<br><br>    Defendant and Appellant. | B254027<br><br>(Los Angeles County<br>Super. Ct. No. BA414173) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gail Ruderman Feuer, Judge.  Affirmed as modified.

John R. Mills, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General and Robert C. Schneider, Deputy Attorney General, for Plaintiff and Respondent.

# I.  INTRODUCTION

A jury convicted defendant, Francisco Javier Cortes, of firearm assault (Pen. Code, § 245,[1] subd. (a)(2)) (count 1) and false imprisonment (§ 236) (count 2). The jury further found true allegations defendant personally used a firearm in the commission of the offenses.  (§ 12022.5, subd. (a).)  Defendant was sentenced to 12 years in state prison on count 1 plus a concurrent, stayed 12-year term on count 2.  We modify the oral pronouncement of judgment to impose a $30 court facilities assessment (Gov. Code, § 70373, subd. (a)(1)) and a $40 court operations assessment (§ 1465.8, subd. (a)(1)) *as to each count*.  We affirm the judgment in all other respects.

# II.  BACKGROUND

On July 28, 2013, defendant assaulted his girlfriend, M.M., with a loaded semi-automatic firearm.  M.M. spoke to a firefighter paramedic.  In that conversation, M.M. told the paramedic defendant put the gun to her head and in her mouth to keep her from leaving their apartment.  Law enforcement officers recovered the weapon from inside the home.  Defendant claimed he put the gun in M.M.'s mouth to prevent her from committing suicide.  M.M. was unavailable to testify at trial; therefore, the prosecution introduced her preliminary hearing testimony.  M.M. testified at the preliminary hearing that defendant choked her while they were playing.  M.M. testified, "We were playing, but he grabbed me by the neck with both hands."  M.M. further testified, "[Defendant] grabbed me a little bit hard."  M.M. said she tried to leave but defendant threatened her. He pointed a gun at her back.  She  testified she was not, however, afraid.

---

[1]  Further statutory references are to the Penal Code except where otherwise noted.

## III. DISCUSSION

We appointed counsel to represent defendant on appeal. After examination of the record, appointed appellate counsel filed a brief in which no issues were raised. Instead, appointed appellate counsel asked us to independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441-442. (See *Smith v. Robbins* (2000) 528 U.S. 259, 278-284.) On June 11, 2014, we advised defendant he had 30 days within which to submit by brief or letter any contentions or argument he wished us to consider. No response has been received.

We asked the parties to brief the question whether the oral pronouncement of judgment must be modified to impose court facilities and court operations assessments as to each count. The trial court orally imposed a single $30 court facilities assessment (Gov. Code, § 70373, subd. (a)(1)) and a single $40 court operations assessment (§ 1465.8, subd. (a)(1)). The trial court should have imposed the assessments as to each count (*People v. Castillo* (2010) 182 Cal.App.4th 1410, 1415, fn. 3 [court facilities assessment]; *People v. Schoeb* (2005) 132 Cal.App.4th 861, 865-868 [court operations assessment]), including count 2, which was stayed under section 654, subdivision (a) (*People v. Sencion* (2012) 211 Cal.App.4th 480, 484-485; *People v. Crittle* (2007) 154 Cal.App.4th 368, 370-371; see *People v. Alford* (2007) 42 Cal.4th 749, 758, fn. 6). The judgment must be modified to so provide. (*People v. Sencion, supra,* 211 Cal.App.4th at pp. 484-485; see *People v. Rosales* (2014) 222 Cal.App.4th 1254, 1263; *People v. Thomas* (2013) 214 Cal.App.4th 636, 641-642.) The abstract of judgment is correct in this regard and need not be amended. (*People v. Sencion, supra,* 211 Cal.App.4th at p. 484.)

Finally, we inadvertently requested briefing on an issue relating to the count 2 firearm use finding. Upon further review, the briefing was unnecessary.

IV.  DISPOSITION

The oral pronouncement of judgment is modified to impose a $30 court facilities assessment (Gov. Code, § 70373, subd. (a)(1)) and a $40 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)) as to each of counts 1 and 2.  The judgment is affirmed in all other respects.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P.J.


We concur:



KRIEGLER, J.




MINK, J.*

---

*Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4