Filed: 12/18/14  P. v. Ruiz CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B253801 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA057227) |
| v. | |
| EDDIE RUIZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Reversed in part, modified in part, affirmed in part, with directions.

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, William H. Shin and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant, Eddie Ruiz, was convicted of: five counts of second degree commercial burglary (Pen. Code,[1] § 459); four counts of robbery (§ 211); and one count each of theft, methamphetamine possession and maintaining a place for methamphetamine sale. (§ 484e, subd. (b); Health & Saf. Code, §§ 11377, subd. (a), 11366.) Defendant admitted that he had: sustained a prior serious and violent felony conviction of robbery (§§ 667, subds. (b)-(i), 1170.12); sustained four prior serious felony convictions (§ 667, subd. (a)(1)); and served four prior prison terms (§ 667.5, subd. (b)). Defendant was sentenced to 49 years, 8 months in state prison. We modify the judgment to stay the count I sentence. We reverse the prior serious felony conviction enhancements as to counts 7 through 9. We affirm the judgment in all other respects.

# II. THE EVIDENCE

The issues raised on appeal relate to only one of defendant's five commercial burglaries. We confine our discussion of the evidence to that crime. Manuel Parra was working at a Del Taco restaurant in a shopping center. While doing so, Mr. Parra saw defendant exit an area marked "Employees Only." Defendant was carrying a purse. The "Employees Only" area was one in which employees routinely stored their personal property. Defendant entered the men's restroom. Mr. Parra recognized the purse defendant was carrying as belonging to a coworker, Dora Saldana. Mr. Parra told Ms. Saldana, ". . . I believe someone just took your purse." Mr. Parra telephoned a shopping center security guard. Ms. Saldana ran to the employee area, saw that her purse was gone, and telephoned an emergency operator. Mr. Parra and a third coworker, Jovany Guillen, held the bathroom door closed to prevent defendant from leaving. An armed

---

[1] Further statutory references are to the Penal Code except where otherwise noted.

security guard, Janell Stover, arrived.  Ms. Stover was employed by the shopping center.  Ms. Stover testified her duties were, "[T]o protect property and personnel."  Ms. Stover heard defendant from inside the bathroom say:  "I can't breathe.  Let me out."  Ms. Stover ordered Mr. Parra, Ms. Saldana and Mr. Guillen to stand back.  Ms. Stover wanted to allow defendant out of the bathroom.  Defendant exited the men's room, pushed Ms. Stover, Mr. Parra and Mr. Guillen out of the way and ran from the restaurant.  Ms. Saldana found her purse and her wallet in the men's restroom.  Two $20 bills were missing.

## III.  DISCUSSION

### A.  Sufficiency Of The Evidence

Defendant asserts there was insufficient evidence of robbery as to Ms. Saldana's coworkers, Mr. Parra and Mr. Guillen, and the security guard, Ms. Stover.  Defendant reasons the coworkers and the security guard were not in constructive possession of Ms. Saldana's purse.

Pursuant to section 211, "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."  The requisite possession may be constructive.  (*People v. Scott* (2009) 45 Cal.4th 743, 749-750; *People v. Bekele* (1995) 33 Cal.App.4th 1457, 1461, disapproved on another point in *People v. Rodriguez* (1999) 20 Cal.4th 1, 13-14.)  As our Supreme Court has held, "[N]either ownership nor physical possession is required to establish the element of possession for the purposes of the robbery statute."  (*People v. Scott, supra,* 45 Cal.4th at p. 749; accord, *People v. Nguyen* (2000) 24 Cal.4th 756, 762.)  In *People v. Scott, supra,* 45 Cal.4th at pages 749-750, our Supreme Court explained:  "A person from whose immediate presence property was taken by force or fear is not a robbery victim unless . . . he or she was in some sense in possession of the property. . . .  [¶]  A person who owns property or who exercises direct physical control

3

over it has possession of it, but neither ownership nor physical possession is required to establish the element of possession for the purposes of the robbery statute. [Citations.] '[T]he theory of constructive possession has been used to expand the concept of possession to include employees and others as robbery victims.' [Citation.] . . . [¶] . . . For constructive possession, courts have required that the alleged victim of a robbery have a 'special relationship' with the owner of the property such that the victim had authority or responsibility to protect the stolen property on behalf of the owner. [Citations.]" Our Supreme Court further explained, "[T]he crime of robbery may be committed against any person who is in possession of the property taken, because such a person may be expected to resist the taking, and—in order to achieve the taking—the robber must place all such possessors in fear, or force them to give up possession. [Citation.] By requiring that the victim of a robbery have possession of the property taken, the Legislature has included as victims those persons who, because of their relationship to the property or its owner, have the right to resist the taking, and has excluded as victims those bystanders who have no greater interest in the property than any other member of the general population." (*Id.* at pp. 757-758.)

We apply the following standard of review in assessing the sufficiency of the evidence: "'[W]e review the whole record to determine whether any rational trier of fact could have found the essential elements of the crime . . . beyond a reasonable doubt. [Citation.] The record must disclose substantial evidence to support the verdict—i.e., evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence. [Citation.] ". . . We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence. [Citation.]" [Citation.] A reversal for insufficient evidence "is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support'" the jury's verdict. [Citation.]' [Citation.]" (*People v. Manibusan* (2013) 58 Cal.4th 40, 87,

4

quoting *People v. Zamudio* (2008) 43 Cal.4th 327, 357; accord, *People v. Banks* (2014) 59 Cal.4th 1113, 1156.)

The evidence was sufficient. Mr. Parra and Mr. Guillen were Ms. Saldana's coworkers and were on duty with her at the time of the robbery. Mr. Parra and Mr. Guillen could be expected to resist the taking of Ms. Saldana's purse from a restricted area where the employees regularly stored their personal property. Ms. Stover was a security guard employed by the shopping center to protect property and personnel. Ms. Stover similarly could be expected to resist the theft of an employee's personal property from a business she was obligated to protect. (See *People v. Bradford* (2010) 187 Cal.App.4th 1345, 1349-1350; *People v. Estes* (1983) 147 Cal.App.3d 23, 27.) Mr. Parra, Mr. Guillen and Ms. Stover had a greater interest in Ms. Saladana's purse than members of the general public. Additionally, Mr. Parra, Mr. Guillen and Ms. Stover worked together with Ms. Saldana to recover the purse. There is substantial evidence that Ms. Saldana wanted Mr. Parra, Mr. Guillen and Ms. Stover to help recover the stolen purse. Mr. Parra, Mr. Guillen and Ms. Stover acted in concert with Ms. Saldana's implied authority to prevent the theft of the purse. (See *People v. Fiore* (2014) 227 Cal.App.4th 1362, 1386-1387; *People v. Bradford*, *supra*, 187 Cal.App.4th at pp. 1350-1351; *People v. Bekele, supra,* 33 Cal.App.4th at p. 1462.)


B. Robbery Instruction


Defendant asserts the trial court had a sua sponte duty to instruct the jury on constructive possession with respect to robbery. The trial court correctly instructed the jury on the general principles of law relative to robbery. The trial court instructed: "The defendant is charged in counts 6 through 9 with robbery in violation of Penal Code section 211. [¶] To prove the defendant is guilty of this crime, the People must prove that: [¶] One, the defendant took property that was not his own; [¶] [Two,] [t]he property was taken from another person's possession and immediate presence; [¶] Three, the property was taken against that person's will[;] [¶] Four, defendant used force

5

or fear to take the property or to prevent the person from resisting; [¶] And five, when the defendant used force or fear to take the property, he intended to deprive the owner of it permanently." Defendant argues the trial court should also have instructed the jury that: "'[A] person does not have to actually hold or touch something to possess it. It is enough if the person has control over it, or the right to control it, either personally or through another person.'"

As the Attorney General correctly observes, defendant raised no constructive possession issue in the trial court. Defendant did not challenge the content of the robbery instruction that was given. Nor did he request any amplifying or explanatory instruction. Defense counsel did not argue to the jury that any victim lacked the requisite possession with respect to Ms. Saldana's purse. Defense counsel argued only that there was no evidence defendant used force or fear as against Mr. Parra, Mr. Guillen or Ms. Stover.

Even if there was error, it was harmless under any reversible error standard. (See *People v. Flood* (1998) 18 Cal.4th 470, 502-504; *People v. Morehead* (2011) 191 Cal.App.4th 765, 774.) The jury was in fact instructed on constructive possession. The instruction was given in connection with the methamphetamine possession count. The instruction read: "A person does not have to actually hold or touch something to possess it. It is enough if the person has control over it, either personally or through another person." The jury was further instructed to, "Pay careful attention to all of these instructions and *consider them together*." (Italics added.) As our Supreme Court has repeatedly held, "'[T]he correctness of jury instructions is to be determined from the entire charge of the court, not from a consideration of parts of an instruction or from a particular instruction.' [Citation.] . . . [Moreover,] ""[j]urors are presumed to be intelligent, capable of understanding instructions and applying them to the facts of the case.""' [Citation.]" (*People v. Hajek* (2014) 58 Cal.4th 1144, 1220; accord, e.g., *People v. Bryant* (2014) 60 Cal.4th 335, 433.) The record does not reflect any juror confusion. There is no probability the jury would have found Ms. Stover, Mr. Parra or Mr. Guillen lacked control over the purse through Ms. Saldana. As discussed above, Mr. Parra, Mr.

6

Guillen and Ms. Stover could be expected to challenge defendant's conduct and had implied authority to protect Ms. Saldana's possessory interests.

## C. Section 667, Subdivision (a)(1)

The trial court enhanced defendant's sentence by five years for a prior serious felony conviction (§ 667, subd. (a)(1)), as to each of four robbery counts. As noted, defendant has only one prior serious felony conviction. Defendant argues that because the sentences on the robbery counts were determinate rather than indeterminate, the prior serious felony conviction enhancement could be imposed only once. This issue is presently before our Supreme Court in *People v. Sasser* (2014) 223 Cal.App.4th 1148, review granted May 14, 2014 (S217128). We agree with defendant, only one section 667, subdivision (a) five-year enhancement may be imposed on the four determinate terms. (*People v. Tassell* (1984) 36 Cal.3d 77, 89-92, overruled on another point in *People v. Ewoldt* (1994) 7 Cal.4th 380, 401; see *People v. Thomas* (2013) 214 Cal.App.4th 636, 640; §§ 667, subd. (e)(1), 1170.1, subd. (a), 1170.12, subd. (c)(2)(iii).) If this were a case involving indeterminate sentences, the result would be different. (See *People v. Williams* (2004) 34 Cal.4th 397, 404-405; *People v. Misa* (2006) 140 Cal.App.4th 837, 846; §§ 667, subd. (e)(1), 1170.1, subd. (a), 1170.12, subd. (c)(2)(A)(iii).) Defendant's sentences are determinate and therefore subject to section 1170.1, subdivision (a). (*People v. Tassell*, *supra*, 36 Cal.4th at p. 89; see *People v. Neely* (2009) 176 Cal.App.4th 787, 799.)

## D. Section 654, Subdivision (a)

The parties correctly agree the trial court should have stayed the sentence on the Del Taco burglary count, count 1, pursuant to section 654, subdivision (a). (E.g., *People v. Perry* (2007) 154 Cal.App.4th 1521, 1525-1527; *People v. Le* (2006) 136 Cal.App.4th 925, 930-931; *People v. Guzman* (1996) 45 Cal.App.4th 1023, 1027-1028.) When a trial

court fails to stay a sentence under section 654, subdivision (a), the proper procedure is for this court to modify the judgment to stay imposition of that sentence. (*People v. Spirlin* (2000) 81 Cal.App.4th 119, 131; *People v. Butler* (1996) 43 Cal.App.4th 1224, 1248; see *People v. Jones* (2012) 54 Cal.4th 350, 353.) The judgment shall be so modified.

## IV. DISPOSITION

The judgment is modified to stay the sentence on count 1 pursuant to Penal Code section 654, subdivision (a). The prior serious felony five-year enhancements are reversed as to counts 7, 8 and 9. Upon remittitur issuance, the superior court clerk is to prepare an amended abstract of judgment and deliver a copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P.J.

We concur:


MOSK, J.


KRIEGLER, J.

8