Filed 12/4/15  P. v. Lott CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B261500 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA058860) |
| v. | |
| JONATHAN B. LOTT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lori A. Fournier, Judge.  Affirmed.

Law Offices of James Koester and James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant, Jonathan Booker Lott, appeals from an order denying resentencing pursuant to Penal Code[1] section 1170.126. We appointed counsel to represent defendant on appeal. After examination of the record, appointed appellate counsel filed an "Opening Brief" in which no issues were raised. Instead, appointed appellate counsel requested we independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, at page 441. (See *Smith v. Robbins* (2000) 528 U.S. 259, 227-284.) On July 30, 2015, defendant filed a supplemental brief. We conclude appointed appellate counsel has fully complied with his obligations.

We previously ruled on defendant's appeal from an order denying his petition to be resentenced under section 1170.126. (*People v. Lott* (Dec. 26, 2013, B249239) [nonpub. opn.].) Based on law of the case principles, defendant is not entitled to resentencing. (*People v. Barragan* (2004) 32 Cal.4th 236, 246; *People v. Shuey* (1975) 13 Cal.3d 835, 842.) To reiterate, defendant is ineligible for section 1170.126 resentencing because he has a prior conviction for attempted murder under sections 664 and 187. Sections 1170.126, subdivision (e)(3), 667, subdivision (e)(2)(C)(iv)(IV) and 1170.12, subdivision (c)(2)(C)(iv)(IV) bar resentencing. (*People v. Thomas* (2013) 214 Cal.App.4th 636, 639.) We need not address the effect of defendant's firearm possession conviction. (§§ 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii); 1170.126, subd. (e)(2); *People v. White* (2014) 223 Cal.App.4th 512, 519.)

The January 2, 2015 order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

KRIEGLER, J.          BAKER, J

---

[1]     Future statutory references are to the Penal Code.