Filed 4/16/25  P. v. Jackson CA4/2
*See Dissenting Opinion*

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083072 |
| v. | (Super.Ct.No. CR69388) |
| JONATHAN KEITH JACKSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Affirmed with directions.

Benjamin Kington, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, James William Bilderback II, Holly D. Wilkens and Michael T. Murphy, Deputy Attorneys General, for Plaintiff and Respondent.

1

At a hearing pursuant to Penal Code section 1172.75,[1] the court found defendant and appellant Jonathan Keith Jackson ineligible for a full resentencing hearing. On appeal, defendant contends this court should reverse the order and remand the matter to the trial court with directions to hold a full resentencing hearing. We affirm with directions.

## I. PROCEDURAL BACKGROUND

On May 9, 1999, a jury found defendant guilty of first degree murder (§ 187, count 1); willful, deliberate, and premeditated attempted murder (§§ 664, 187, count 2); and being a felon in possession of a firearm (former § 12021, subd. (a)(1), count 3). The jury also found true allegations that defendant inflicted great bodily injury upon the attempted murder victim (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8)), personally used a handgun in the commission of the murder and attempted murder (§§ 12022.5, subd. (a), 1192.7, subd. (c)(8)), and that a principal was armed with a handgun in the commission of the murder (§ 12022, subd. (a)(1)). The jury additionally found true a special circumstance allegation that defendant committed the murder while engaged in the commission of a robbery or attempted robbery (former § 190.2, subd. (a)(17)(i)). (*People v. Jackson* (2014) 58 Cal.4th 724, 731-732.)

Thereafter, the court determined that defendant had suffered a prior serious felony conviction (§667, subd. (a)), a prior prison term (§ 667.5, subd. (b)), and a prior strike conviction (§§ 667, subds. (c), (e), 1170.12, subd. (c)). The jury returned a verdict of

---

[1] All further statutory references are to the Penal Code.

death on the murder conviction. (§ 1239, subd. (b).) (*People v. Jackson*, *supra*, 58 Cal.4th at p. 732.)

The court imposed an indeterminate sentence of death on the murder offense; the court imposed a consecutive sentence of life with the possibility of parole on the attempted murder offense but stayed that sentence. The court imposed but stayed all attached enhancements including the prior prison term enhancement and stayed sentence on the count 3 offense. (*People v. Jackson*, *supra*, 58 Cal.4th at p. 732.)

On automatic appeal to the California Supreme Court, that court affirmed the judgment. (*People v. Jackson*, *supra*, 58 Cal.4th at p. 732.)

On December 21, 2023, at a hearing at which defendant was represented by counsel,[2] the court noted that it had read and considered the decisions in *People v. Rhodius* (2023) 97 Cal.App.5th 38 (*Rhodius*), review granted February 21, 2024, S283169; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282-1283 (*Renteria*); *People*

_____

[2] "[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by the Department of Corrections and Rehabilitation [CDCR] identifying a defendant as a person serving a sentence that includes a prior prison term enhancement. [Citation.]" (*People v. Cota* (2023) 97 Cal.App.5th 318, 332; accord, *People v. Newell* (2023) 93 Cal.App.5th 265, 268; accord, *People v. Burgess* (2022) 86 Cal.App.5th 375, 382 [Lower and appellate courts lack jurisdiction over a request for section 1172.75 relief brought solely by a defendant].) "Of course, 'the defendant . . . bears the burden to provide a record on appeal which affirmatively shows that there was error below, and any uncertainty in the record must be resolved against the defendant.' [Citation.]" (*People v. Moore* (2021) 68 Cal.App.5th 856, 866; *ibid*. ["Because appellant has failed to provide an adequate record for review, his claim fails. [Citation.]"].)

Here, this court satisfied defendant's burden of producing a record that establishes the proceeding below was initiated by the CDCR. On our own motion, we took judicial notice of a CDCR list from another case, which identifies individuals potentially eligible for section 1172.75 relief; defendant's name appears on that list.

*v. Christianson* (2023) 97 Cal.App.5th 300, 311 (*Christianson*), review granted February 21, 2024, S283189; and *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1275 (*Saldana*), review granted March 12, 2024, S283547.  The court found defendant ineligible for resentencing and denied defendant's "motion."  The court vacated the previous sentence on defendant's prior prison term, imposed a one-year sentence, and then struck punishment on the enhancement.[3]

## II.  DISCUSSION

Defendant contends this court should reverse and remand the matter with directions to the trial court to hold a full resentencing hearing.  He maintains any other resolution would violate his rights to due process of law.  The People maintain we should affirm the trial court's order in reliance on *Rhodius*.  We affirm with directions.

Senate Bill No. 483 (Senate Bill 483) (2021-2022 Reg. Sess.) added section 1171.1 to the Penal Code (Stats. 2021, ch. 728), which the Legislature subsequently renumbered, without substantive change, as section 1172.75 (Stats 2022, ch. 58, § 12, eff. June 30, 2022).  (*Rhodius*, *supra*, 97 Cal.App.5th at p. 42, fn. 4.)  "Section 1172.75, subdivision (a), states that '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid.'  [Citation.]  Section 1172.75 instructs the CDCR to identify those persons in their custody currently serving a term for a judgment that includes an enhancement under

---

[3]  No court reporter was present for the hearing.

4

section 667.5[, subdivision ](b) (excluding sexually violent offenses) and provide such information to the sentencing court that imposed the enhancement. [Citation.] Subsequently, the sentencing court 'shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a).' [Citation.] 'If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant.' [Citation.]" (*Id*. at p. 42.)

"Whether section 1172.75 entitles [defendant]—who is currently serving time on an abstract of judgment that includes a stayed but now invalid section 667.5, subdivision (b) enhancement—to a full resentencing is a question of law that we review de novo, under well-settled standards of statutory interpretation. [Citations.]" (*Christianson*, *supra*, 97 Cal.App.5th at p. 308.)

"Section 1172.75[,] subdivision (d)(1)'s requirement that the resentencing shall result in a lesser sentence than the one originally imposed necessitates the conclusion that the repealed enhancement increased the length of the sentence. The only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed. If the repealed enhancement was imposed and stayed, the sentence would not have been increased, as was the case here. To interpret 'imposed' as used in section 1172.75, subdivision (a), to include when a sentence was 'imposed and stayed' would require any sentencing court faced with an 'imposed and stayed' enhancement to arbitrarily lower a sentence simply because the judgment

5

contained a stayed enhancement." (*Rhodius*, *supra*, 97 Cal.App.5th at pp. 43-44; compare *People v. Espino* (2024) 104 Cal.App.5th 188, 203, review granted Oct. 23, 2024, S286987 (dis. opn. of Lie, J.) ["So the concept of a sentence enhancement being 'imposed' when its punishment was stricken is not one I claim to comprehend."]; contra, *Renteria*, *supra*, 96 Cal.App.5th at pp. 1282-1283 [Defendant entitled to full resentencing hearing where section 667.5, subdivision (b) enhancement was imposed and stayed]; accord, *Christianson*, *supra*, 97 Cal.App.5th at p. 316, fn. 8; accord, *Saldana*, *supra*, 97 Cal.App.5th at p. 1278; accord, *People v. Mayberry* (2024) 102 Cal.App.5th 665, 674, review granted Aug. 14, 2024, S285853; accord, *People v. Espino*, at p. 196; see *People v. Gray* (2024) 101 Cal.App.5th 148, 167 & fn. 14 ["Other courts to have considered this question have focused on the meaning of the term 'imposed,' and have disagreed with *Rhodius*."].)

Here, like in *Rhodius*, the trial court imposed but stayed punishment on the prior prison term enhancement. Thus, since defendant was not serving a term of imprisonment that included a prior prison term enhancement and striking or vacating the prior prison term enhancement would not result in a lesser sentence than the one originally imposed as required by section 1172.75, subdivision (d)(1), the court properly denied defendant's request for a full resentencing hearing. (*Rhodius*, *supra*, 97 Cal.App.5th at p. 44; *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

Defendant essentially argues that the majority view of the appellate courts set forth in *Renteria*, *Christianson*, and *Saldana* comprise a compelling reason to depart from this court's decision in *Rhodius*. We disagree.

In analyzing the legislative history of Senate Bill 483, this court in *Rhodius* observed that the Legislature was primarily concerned with providing relief to those who had served time on rulings deemed unfair, on separating inmates from their families, and on the costs to the state of incarceration. (*Rhodius*, *supra*, 97 Cal.App.5th at pp. 46-48.) "The findings, costs, and ramifications of . . . Senate Bill 483 cited during the legislative sessions presuppose inmates who are serving additional time as a result of the sentencing enhancement under section 667.5[, subdivision ](b). The references to financial and familial burdens do not logically follow if a defendant is not actually serving additional time as the result of an imposed and executed sentence associated with a section 667.5[, subdivision ](b) prior. As such, to interpret the statute to include enhancements that were imposed and stayed would be contrary to the legislative intent and the plain language of the statute." (*Id*. at pp. 48-49.)

Here, since the court did not execute sentence on the prior prison term enhancement,[4] striking or vacating that enhancement as anything other than an

---

[4] The People argue that section 1172.75 may not apply here at all because defendant is not serving a term of imprisonment; rather, defendant is being detained pending execution of his death sentence. (§§ 3600, 3601, 3602, & 1509, subd. (a) ["A writ of habeas corpus pursuant to this section is the exclusive procedure for collateral attack on a judgment of death."].) Defendant responds that the People never raised this issue below. The lack of a reporter's transcript makes it impossible to determine whether the People raised the issue and/or whether the court addressed it. Nonetheless, we will

*[footnote continued on next page]*

7

administrative function would not promote the legislative concerns in passing Senate Bill 483; in other words, because defendant was not serving time on the enhancement, striking it would not provide a lessened term for defendant, would not enable him to reunify with his family, and would not result in any cost savings to the state. This is especially true here, where the court sentenced defendant to death, and the California Supreme Court affirmed that judgment. (*People v. Jackson*, *supra*, 58 Cal.4th at p. 732.) We continue to agree with this court's decision in *Rhodius* and disagree with the courts in *Renteria*, *Christianson*, *Saldana*, *Mayberry*, *and Espino*.

Moreover, *Christianson* inaccurately reasoned that, "When a punishment is stayed, as opposed to stricken, the trial court retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.) Contrary to *Christianson*'s assertion, a stayed or stricken enhancement could never subsequently be imposed because the Legislature has since invalidated the imposition of punishment on the enhancement unless it was for a qualifying sexually violent offense. (*People v. Mayberry*, *supra*, 102 Cal.App.5th at p. 676 ["It is clear from the plain language of subdivision (a) of section 1172.75 that the Legislature rendered sentence enhancements imposed pursuant to former subdivision (b) of section 667.5 legally invalid, except where imposed for a qualifying sexually violent offense."]; *People v. Espino*, *supra*, 104

---

assume for purposes of this appeal that section 1172.75 could potentially apply. (*People v. Cleveland* (2004) 32 Cal.4th 704, 768 [Where a court sentences a defendant to death and stays the remaining counts, the question of whether the sentence on the stayed counts is proper may be addressed if the defendant is resentenced.].)

Cal.App.5th at p. 204, fn. omitted (dis. opn. of Lie, J.) ["[E]ven if a now-invalid enhancement under former section 667.5[, subdivision ](b) could be said to possess some unidentified potential to affect a future sentence or trigger another collateral consequence of some kind, this would be beyond the ambit of Senate Bill No. 483."].)

Here, the underlying conviction for defendant's prior prison term enhancement was for robbery. Thus, punishment on the enhancement could never be imposed.

Furthermore, to interpret the law to allow a full resentencing hearing for a person who was "lucky" enough to only have punishment on his enhancement stayed or stricken but not to someone who was "unfortunate" enough to have his enhancement completely stricken strains credulity. (*People v. Hardin* (2024) 15 Cal.5th 834, 847 ["'[T]he requirement of equal protection ensures that the government does not treat a group of people unequally without some justification.' [Citation.]".) In these circumstances, we see no functional difference between striking the punishment, staying the punishment, or striking the enhancement in its entirety. Thus, any due process argument weighs against defendant rather than in his favor. Therefore, the court properly denied defendant's request for a full resentencing hearing.[5]

_____

[5] A trial court may either impose or strike sentence on a prior prison term enhancement, any other sentence is unauthorized. (See *People v. Langston* (2004) 33 Cal.4th 1237, 1241 ["Once the prior prison term is found true within the meaning of section 667.5[, subdivision ](b), the trial court may not stay the one-year enhancement, which is mandatory unless stricken"]; *People v. Saldana*, *supra*, 97 Cal.App.5th at p. 1275; *People v. Thomas* (2013) 214 Cal.App.4th 636, 640 ["Generally, the failure to impose a mandatory enhancement or strike it . . . is a jurisdictional error . . . ."].) "If a judge strikes the enhancement, it's as if the fact of the enhancement never existed—it

*[footnote continued on next page]*

## III. DISPOSITION

The trial court is directed to strike the section 667.5, subdivision (b) enhancement in its entirety, rather than merely the punishment on the enhancement. The court is further directed to issue a new minute order reflecting the court's order. The court is directed to forward a copy of the new minute order to the CDCR. The court's order is otherwise affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

I concur:

RAMIREZ
P. J.

---

will not remain on the defendant's criminal record nor will it affect them in any potential future sentencing." (*People v. Flores* (2021) 63 Cal.App.5th 368, 383.)

Here, the court reimposed sentence and struck *punishment* on the enhancement. Although the new abstract of judgment no longer reflects the presence of the prior prison term, in an abundance of caution, we direct the court below to strike the enhancement in its entirety. (§ 1172.75, subd. (a); *People v. Monroe* (2022) 85 Cal.App.5th 393, 402 ["By its plain terms, section 1172.75 requires . . . the trial court strike the newly 'invalid' enhancements."]; accord *People v. Garcia* (2024) 101 Cal.App.5th 848, 855; accord *People v. Green* (2024) 104 Cal.App.5th 365, 373.)

10

[*People v. Jackson*, E083072]

MENETREZ, J., Dissenting.

At defendant Jonathon Jackson's sentencing in 2000, the trial court imposed but stayed a prior prison term enhancement under Penal Code section 667.5, subdivision (b), just as the court stayed all enhancements and prison terms in light of the death sentence imposed for the murder count. (Unlabeled statutory references are to the Penal Code.) At a hearing pursuant to section 1172.75 in 2023, the trial court vacated the prior prison term enhancement, reimposed it, struck the punishment, and denied resentencing. This appeal followed.

*People v. Rhodius* (2023) 97 Cal.App.5th 38, 43-44, review granted February 21, 2024, S283169 (*Rhodius*), held that in subdivision (a) of section 1172.75, "imposed" is shorthand for "imposed and executed." Under that interpretation of the statute, this should have been an easy case for the trial court: Jackson's prior prison term enhancement was not imposed and executed, so subdivision (a) of section 1172.75 does not apply, so the court should have entered an order denying all relief under section 1172.75.

Because I continue to agree with *Rhodius*, I believe this should be an easy case for us: We should vacate the trial court's order and direct the court to enter a new order denying all relief under section 1172.75. Because the majority opinion agrees with *Rhodius*'s interpretation of section 1172.75 (maj. opn., *ante*, at p. 8) but nonetheless

1

directs the trial court to strike the enhancement (*id.* at p. 10) on no legal basis of which I am aware, I respectfully dissent.

MENETREZ  
J.
