Filed 12/1/15  P. v. Rutkowski CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SKIPPY CHARLES RUTKOWSKI,<br><br>    Defendant and Appellant. | 2d Crim. No. B259316<br>(Super. Ct. No. TA131783)<br>(Los Angeles County) |

Skippy Charles Rutkowski appeals his conviction, by jury, of assault on a peace officer (Pen. Code, § 245, subd. (c))[1], and battery with injury on a peace officer.  (§ 243, subd. (c)(2).)  Appellant personally inflicted great bodily injury in the commission of each offense.  (§ 12022.7, subd. (a).)  He was sentenced to a total term of six years in state prison, comprised of the low term of three years on count 4, the assault conviction, plus three years on the great bodily injury enhancement. The trial court also imposed a concurrent term of 16 months on count 5, the battery conviction, plus three years on the great bodily injury enhancement associated with that conviction.  Appellant contends the term and sentence enhancement imposed for the battery conviction should have been stayed pursuant to section 654.  He

---

[1] All statutory references are to the Penal Code unless otherwise stated.

further requests that this court review the sealed transcripts from the *in camera* hearing held on his motion for discovery of the arresting officer's personnel files. (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531, 536-537.) Respondent contends additional mandatory fees must be imposed under section 1465.8 and Government Code section 70373.

Our independent examination of the in camera proceedings discloses no abuse of discretion in the trial court's discovery order. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1232.) We agree, however, that the concurrent term imposed on count 5 violates section 654 and that the trial court should have imposed the fees identified by respondent. Accordingly, we order the judgment modified to reflect that the sentence on count five is stayed pursuant to section 654. In addition, we order the judgment modified to impose a court security fee of $40 (§ 1465.8, subd. (a)(1)), and a court construction fee of $30 (Gov. Code, § 70373, subd. (a)), on count 5. As so modified, the judgment is affirmed.

*Facts*

Los Angeles County Sheriff's deputy Clinton Randall was driving his patrol car on Long Beach Blvd. in Compton when he was flagged down by a pedestrian. The pedestrian was very agitated and gestured toward appellant, who was seated on a bicycle nearby. She reported that appellant had stabbed her two weeks earlier. Randall parked his patrol car in the center median and asked appellant to meet him at the curb. When Randall tried to open the car door, he found that appellant was blocking it with his bicycle. Randall asked him to move and appellant complied, moving back just far enough to permit Randall to open the door. Just as Randall put his left foot outside the door, appellant struck him on the head with a plastic bottle that was filled with juice. The blow was so forceful, it burst the bottle. Juice poured all over Deputy Randall and the inside of the car. Randall was stunned and fell backwards into the car seat. Through the open

2

window, appellant again struck Randall on the forehead. A few seconds later, Randall noticed appellant was hitting him again, this time with a box cutter. Appellant used a "downward, stabbing motion" to inflict numerous blows to Randall's left arm.

Randall's ride-along passenger, Deputy Martin Dominguez, got out of the patrol car, pulled appellant off Randall and backwards onto the ground. Appellant continued to fight with Dominguez and Randall. Randall struck appellant several times because appellant ignored Randall's direction to stop resisting. Eventually other deputies arrived and appellant was taken into custody.

*Discussion*

*Pitchess Motion*

On appellant's motion, the trial court conducted an in camera review of the personnel files of both Deputy Randall and Deputy Dominguez. It ordered disclosure of one complaint involving issues of dishonesty. In a subsequent in camera hearing, the trial court concluded no further discovery of the officers' personnel records was required. We have reviewed the sealed transcripts of these proceedings and conclude that the trial court's discovery orders were not an abuse of discretion. (*People v. Hughes* (2002) 27 Cal.4th 287, 330; *People v. Mooc*, *supra,* 26 Cal.4th at p. 1232.)

*Section 654*

Appellant contends the trial court erred when it imposed concurrent terms for the battery conviction on count 5 and the associated great bodily injury enhancement, rather than staying that term under section 654. Respondent contends the trial court made an implied finding of fact, which is supported by substantial evidence, that the two offenses involved multiple criminal objectives, so section 654 did not apply. We are not persuaded.

3

"Section 654 precludes multiple punishment where an act or course of conduct violates more than one criminal statute but a defendant has *only* a single intent and objective. (*People v. Liu* (1996) 46 Cal.App.4th 1119, 1135.) In such circumstances, the court must impose but stay execution of sentence on all of the convictions arising out of the course of conduct except for the offense with the longest sentence. (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1466.) On this issue, we review the court's explicit or implicit factual resolutions for substantial evidence. (*Liu, supra,* 46 Cal.App.4th at p. 1136; *People v. Coleman* (1989) 48 Cal.3d 112, 162.)" (*People v. McCoy* (2012) 208 Cal.App.4th 1333, 1338. See also *People v. Hester* (2000) 22 Cal.4th 290, 294 [statute "precludes multiple punishments for a single act or indivisible course of conduct."].)

Acts that occur closely together in time may still be divided by multiple criminal objectives. (*People v. Garcia* (2008) 167 Cal.App.4th 1550, 1565.) As our Supreme Court has explained, "It is defendant's intent and objective, not the temporal proximity of his offenses, which determine whether the transaction is indivisible. [Citations.] . . . [I]f all of the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, defendant may be found to have harbored a single intent and therefore may be punished only once. (*Neal v. State of California* (1960) 55 Cal.2d 11, 19.) [¶] If, on the other hand, defendant harbored 'multiple criminal objectives,' which were independent of and not merely incidental to each other, he may be punished for each statutory violation committed in pursuit of each objective, 'even though the violations shared common acts or were parts of an otherwise indivisible course of conduct.' [(*People v. Beamon* (1973) 8 Cal.3d 625, 639].)" (*People v. Harrison* (1989) 48 Cal.3d 321, 335.)

Appellant was convicted of assault on a police officer (§ 245, subd. (c)) and battery with injury on a peace officer. (§ 243, subd. (c)(2).) The trial court

4

made no express findings regarding section 654. Respondent contends the imposition of concurrent terms was an implied finding that appellant acted with two distinct criminal objectives. First, appellant hit Deputy Randall with the juice bottle, to prevent him from exiting the patrol car and arresting appellant. Second, appellant slashed at Randall with the box cutter, to injure him. Because appellant acted with two objectives, to avoid arrest and to harm the officer, respondent contends, multiple terms were appropriate. We disagree.

Appellant slashed at Deputy Randall with the box cutter only moments after hitting him with the juice bottle. The two assaults were part of a single, continuous course of conduct, intended to injure the deputy. Our review of the record discloses no substantial evidence supporting respondent's theory that appellant harbored two different criminal intents or objectives: first, to escape and then to injure. Appellant did not run or ride his bicycle away from the patrol car immediately after hitting Deputy Randall with the juice bottle, as we would expect if he committed the assault to prevent Randall from arresting him. Instead, appellant stayed next to the car, drew his box cutter and began slashing at the deputy. The only reasonable inference is that appellant engaged in both acts for the purpose of harming Deputy Randall.

Because the assault and the battery were separate parts of an indivisible criminal transaction, section 654 bars imposition of concurrent terms for these offenses. The trial court should have imposed and stayed the entire sentence on count 5, to comply with section 654. (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1468-1469.)

*Imposition of Mandatory Fines*

At sentencing, the trial court imposed one court security fee of $40 under section 1465.8, and one court construction fee of $30 under Government Code section 70373. Each statute, however, mandates that the fine it authorizes

5

"shall be imposed" for each felony conviction, even if the sentence for that conviction is stayed pursuant to section 654. (*People v. Sencion* (2012) 211 Cal.App.4th 480, 484; *People v. Roa* (2009) 171 Cal.App.4th 1175, 1181.) Appellant was convicted of two felony offenses. He should have been assessed two fees under section 1465.8 and two fees under Government Code section 70373,. We will order the judgment modified to impose each fee on each count. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

*Disposition*

The judgment is ordered modified to reflect that the term imposed on count 5, battery with injury on a peace officer, and the sentence enhancement for that court, are stayed pursuant to section 654. The judgment is also modified to impose a court security fee of $40 (§ 1465.8, subd. (a)(1)) and a court construction fee of $30 (Gov. Code, § 70373) on count 5. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

6

Paul A. Bacigalupo, Judge

Superior Court County of Los Angeles

_____

Danielle Charles, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell, Supervising Deputy Attorney General, Tasha G. Timbadia, Deputy Attorneys General, for Plaintiff and Respondent.