[No. B236985. Second Dist., Div. Five. Nov. 28, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
SANTIAGO GERARDO SENCION, JR., Defendant and Appellant.

COUNSEL

David Y. Stanley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, James William Bilderback II and Mark E. Weber, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**TURNER, P. J.—**

## I. INTRODUCTION

A jury convicted Santiago Gerardo Sencion, Jr., of second degree murder (Pen. Code,[1] § 187, subd. (a)) (count 1); two counts of assault with a semiautomatic firearm (§ 245, subd. (b)) (counts 2 and 4); and discharge of a firearm with gross negligence (§ 246.3, subd. (a)) (count 3). The jury further found defendant personally discharged a firearm in the commission of the murder. (Former § 12022.53, subd. (d).) And the jury found defendant used a firearm in the commission of the two firearm assaults. (Former § 12022.5, subds. (a) & (d).) Defendant was sentenced to 40 years to life in state prison. We modify the judgment and affirm. We hold the trial court was required to impose a court facilities assessment (Gov. Code, § 70373, subd. (a)(1)) as to each count including those stayed under section 654, subdivision (a).

## II. DISCUSSION

### A. Presentence Custody Credit

The trial court failed to award defendant presentence custody credit. Defendant was in presentence custody from February 23, 2008, to October 25, 2011. Defendant contends, the Attorney General concedes, and we agree he was entitled to 1,341 days of presentence custody credit. (*People v. Johnson* (2010) 183 Cal.App.4th 253, 288–289 [107 Cal.Rptr.3d 228]; *People v. Taylor* (2004) 119 Cal.App.4th 628, 645–647 [14 Cal.Rptr.3d 550].) The judgment must be modified to so provide.

### B. Restitution Fines

With respect to restitution fines, the trial court orally ordered: "Mandatory minimum restitution fine is imposed as to each count. As to count one, that would be a parole fine of $500, a minimum fine of $500, plus mandatory state fines, and then minimum fines as to the remaining three counts, the $200 level for the parole fine, $200 for the restitution fine." The trial court's order is arguably unclear. But the parties agree the trial court imposed a $500 restitution fine (§ 1202.4, subd. (b)) and a $500 parole revocation restitution fine (§ 1202.45) on count 1. And the parties agree the trial court imposed $200 restitution and parole revocation restitution fines on each of the

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

remaining counts. Therefore, the total sections 1202.4, subdivision (b)(1) and 1202.45 restitution fines were $1,100 each as reflected in the abstract of judgment.

We find the trial court erred in two respects. First, it was error to impose a restitution fine and a parole revocation restitution fine as to each count. (See *People v. Soria* (2010) 48 Cal.4th 58, 62–66 [104 Cal.Rptr.3d 780, 224 P.3d 99]; *People v. Schoeb* (2005) 132 Cal.App.4th 861, 865 [33 Cal.Rptr.3d 889]; *People v. Ferris* (2000) 82 Cal.App.4th 1272, 1275–1276 [99 Cal.Rptr.2d 180].) Defendant was subject to only one section 1202.4, subdivision (b)(1) restitution fine and a single section 1202.45 parole revocation restitution fine. Second, it was error to base the restitution fines on counts 3 and 4 because those counts were stayed pursuant to section 654, subdivision (a). (*People v. Carlson* (2011) 200 Cal.App.4th 695, 710 [133 Cal.Rptr.3d 218]; *People v. Le* (2006) 136 Cal.App.4th 925, 932–933 [39 Cal.Rptr.3d 146].) However, the section 1202.4, subdivision (b) restitution fines totaled only $1,100, an amount well within the statutory range of $200 to $10,000. Hence, there was no prejudice to defendant. (*People v. Schoeb, supra,* 132 Cal.App.4th at pp. 864–865; *People v. Enos* (2005) 128 Cal.App.4th 1046, 1049 [27 Cal.Rptr.3d 610].) The abstract of judgment states that a restitution fine of $1,100 was imposed as was a parole revocation restitution fine in the same amount. Therefore, the abstract of judgment need not be amended in that respect.

## C.   Count 2: Assault with a Semiautomatic Firearm

At the sentencing hearing, the trial court sentenced defendant on count 2 to two years for assault with a semiautomatic firearm (§ 245, subd. (b)) and one year four months for firearm use. (Former § 12022.5, subds. (a) & (d).) The trial court ordered the sentence to run concurrent with count 1. The trial court subsequently corrected this sentence by nunc pro tunc order to six years for the assault plus four years for the firearm use for a total of 10 years. Defendant raises no objection to the nunc pro tunc sentence correction. Defendant contends however, and we agree, that the abstract of judgment must be corrected to reflect that the sentence on count 2 runs concurrent with the sentence on count 1.

## D.   Fees

The trial court failed to orally impose a $30 court facilities assessment (Gov. Code, § 70373, subd. (a)(1)) or a $40 court security fee (Pen. Code, § 1465.8, subd. (a)(1)) as to any count. The Courts of Appeal have held the court security fee and the court facilities assessment apply to each count of which a defendant is convicted. (*People v. Castillo* (2010) 182 Cal.App.4th

1410, 1415, fn. 3 [106 Cal.Rptr.3d 688] [Gov. Code, § 70373, subd. (a)(1)]; *People v. Schoeb, supra,* 132 Cal.App.4th at pp. 865–866 [§ 1465.8, subd. (a)(1)]; see *People v. Alford* (2007) 42 Cal.4th 749, 758, fn. 6 [68 Cal.Rptr.3d 310, 171 P.3d 32].) We asked the parties to brief the question whether the trial court was required to impose the fees as to each count, including counts 3 and 4. Counts 3 and 4 were stayed under section 654, subdivision (a). Section 654, subdivision (a) provides in part, "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." █ Our Supreme Court has held, "[S]ection 654[, subdivision (a)] prohibits the use of a conviction for any punitive purpose if the sentence on that conviction is stayed." (*People v. Pearson* (1986) 42 Cal.3d 351, 361 [228 Cal.Rptr. 509, 721 P.2d 595]; see *People v. Sharret* (2011) 191 Cal.App.4th 859, 865 [120 Cal.Rptr.3d 195].) The Courts of Appeal have held a section 654, subdivision (a) stay does not extend to a court security fee. This is because the court security fee is not punishment. (*People v. Crittle* (2007) 154 Cal.App.4th 368, 370–371 [64 Cal.Rptr.3d 605]; accord, *People v. Sharret, supra,* 191 Cal.App.4th at p. 865.) In other words, a court security fee may be imposed even though the count to which it attaches has been stayed. It is well settled that a court facilities assessment also is not punitive in nature. (*People v. Cortez* (2010) 189 Cal.App.4th 1436, 1443–1444 [117 Cal.Rptr.3d 769]; *People v. Lopez* (2010) 188 Cal.App.4th 474, 478–480 [115 Cal.Rptr.3d 477]; *People v. Knightbent* (2010) 186 Cal.App.4th 1105, 1111–1112 [112 Cal.Rptr.3d 884]; *People v. Phillips* (2010) 186 Cal.App.4th 475, 477–479 [111 Cal.Rptr.3d 575];. *People v. Fleury* (2010) 182 Cal.App.4th 1486, 1488, 1492 [106 Cal.Rptr.3d 722]; *People v. Castillo, supra,* 182 Cal.App.4th at p. 1413.) As the Court of Appeal for the Third Appellate District explained in *Castillo*: "[T]he [court facilities] assessment is not punitive because it was adopted as one component of the effort to address a budget shortfall; it is not denominated a 'fine'; the amount per conviction is small; and the amount is not dependent on the seriousness of the offense. [Citation.]" (*Ibid.*) It follows that, because the court facilities assessment, like the court security fee, is not punishment, section 654, subdivision (a) also does not apply to the assessment. (Cf. *People v. Crittle, supra,* 154 Cal.App.4th at pp. 370–371.) █ Therefore, the trial court was required to orally impose a $40 court security fee and a $30 court facilities assessment as to each of the four counts of which defendant was convicted, including the stayed counts. The abstract of judgment correctly reflects $160 in court security fees and $120 in court facilities assessments; therefore, it need not be amended.

## III. DISPOSITION

The oral pronouncement of judgment is modified to impose a $40 court security fee (Pen. Code, § 1465.8, subd. (a)(1)) and a $30 court facilities assessment (Gov. Code, § 70373, subd. (a)(1)) as to each count. The judgment is further modified to award defendant credit for 1,341 days in presentence custody. In all other respects, the judgment is affirmed. On remand, the abstract of judgment must be corrected to reflect 1,341 days of presentence custody credit and that the sentence on count 2 runs concurrent with the sentence on count 1. The clerk of the superior court is to deliver a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

Kriegler, J., and Ferns, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied March 13, 2013, S207796.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.