Filed 5/31/13  P. v. Sims CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ELIZABETH SIMS,<br><br>    Defendant and Appellant. | B243961<br><br>(Los Angeles County<br>Super. Ct. No. VA124101) |

APPEAL from a judgment of the Superior Court of Los Angeles County, John A. Torribio, Judge.  Affirmed as modified.

Nadezhda M. Habinek, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Lawrence M. Daniels and Esther P. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

## I.  INTRODUCTION

A jury convicted defendant, Elizabeth Sims, of phencyclidine possession for sale (Health & Saf. Code, § 11378.5) and cocaine base possession (Health & Saf. Code, §

11350, subd. (a)). She was sentenced to six years in state prison. Defendant contends the trial court failed to adequately advise her of her constitutional rights before accepting her admission of a prior conviction. We find that under the totality of the circumstances defendant's admission of her prior conviction was knowing and intelligent. We modify the oral pronouncement of judgment as to assessments. We affirm the judgment in all other respects.

## II. PROCEDURAL FACTS

The information alleged defendant had a prior serious or violent felony conviction within the meaning of Penal Code sections 667, subdivisions (b) through (i) and 1170.12. Trial on the prior conviction allegation was bifurcated. After the jurors commenced deliberation, defendant waived her right to a jury trial on the prior conviction allegation. Prior to the waiver, the trial court advised defendant of her right to a jury trial, but not her rights to confront witnesses and remain silent: "The Court: On the record, does Ms. Sims want to waive a jury on the priors if she's convicted? [¶] [Lizandro] Salas [for the defendant]: Yes. [¶] The Court: Ms. Sims, if the jury convicts you, you have a right to have this same jury determine if you suffered any prior convictions in which you went to state prison. Mr. Salas has indicated to the court that you are willing to waive jury, only if they find you guilty, and have the court determine if you suffered any priors. [¶] Is that correct? [¶] The Defendant: Yeah. [¶] The Court: Do you understand that you have the right to a jury trial? [¶] The Defendant: (Nods head.) [¶] The Court: Understanding that right, do you now waive and give up your right to a jury trial on the priors only? [¶] The Defendant: Yes. [¶] The Court: Counsel join? [¶] Mr. Salas: Yes. [¶] The Court: People join? [¶] Mr. Holcomb: Counsel joins. That also includes the strike prior allegation. [¶] The Court: All priors. [¶] Mr. Holcomb: All priors. Okay. [¶] The Court: But you're correct. [¶] That would be any priors you're charged with, I would decide alone. Do you understand that? [¶] The Defendant: Yes." (Italics added.)

2

At the time of sentencing, defendant admitted the truth of the prior conviction allegation. Again, prior to the admission, the trial court advised defendant of her right to a court trial, but not her rights to confront witnesses and remain silent: "The Court: This is Ms. Elizabeth Sims. She is present with Mr. Salas. Mr. Holcomb for the People. Matter is on calendar for priors and sentencing. [¶] . . . [¶] The Court: Mr. Holcomb, do you have anything you want to offer this morning? [¶] Mr. Holcomb: I do. I was wondering if defense was going to stipulate or just admit the prior? [¶] Mr. Salas: Just admit it and have the judge find it true. [¶] The Court: That's the strike prior. [¶] Mr. Salas: The strike prior. [¶] The Court: Okay. [¶] The Court: Ms. Sims, your counsel has indicated that you are willing to admit that on February 13, 1985, in this county you were convicted of the crime of first degree burglary and that is a strike. [¶] Do you understand that? [¶] The Defendant: Yeah. [¶] The Court: You have a right to have me, sitting as the judge alone, look at all the evidence and make a determination whether that charge is true or not. Mr. Salas also has indicated that you are willing to admit it. [¶] The Defendant: You didn't ask me about that. [¶] [Defendant and counsel confer.] [¶] The Defendant: Yes, sir. [¶] The Court: Do you waive your right to have the court determine if you have suffered a prior, a strike prior? [¶] The Defendant: I already had one. [¶] The Court: This is me alone. [¶] Remember, you had the jury trial on your charges, the sales charges. Now, do you want me to have a little trial on the prior or do you want to admit the prior? [¶] The Defendant: Do I want to admit the prior? [¶] The Court: Yeah. [¶] The Defendant: It's right there. I wasn't even – I was 18. How are you going to put it on me? [¶] The Court: The California Supreme Court has held they could use the priors, even though that wasn't the law when you were convicted. [¶] I understand your frustration. A lot of things happened back then with defense lawyers giving advice. But they have chosen to disagree. [¶] Then do you admit that you have the prior strike prior? [¶] The Defendant: Yes. [¶] The Court: You understand this will double any sentence I give you? [¶] The Defendant: No. [¶] The Court: By law, any sentence I give you will be doubled because of the strike prior. [¶] Do you understand that? [¶] The Defendant: Okay. [¶] The Court: Understanding that, do you

3

admit the prior?  [¶]  The Defendant:  Yes.  [¶]  The Court:  Counsel join?  [¶]  Mr. Salas:  Yes.  [¶]  The Court:  People join?  [¶]  Mr. Holcomb:  People join.  [¶]  The Court:  Court finds the strike prior true."  (Italics added.)

## III.  DISCUSSION

### A.  Defendant's Admission Was Knowing And Intelligent

The question before us is whether, under the totality of the circumstances, defendant's admission of the prior conviction was voluntary and intelligent.  (*People v. Hinton* (2006) 37 Cal.4th 839, 875, fn. 12; *People v. Mosby* (2004) 33 Cal.4th 353, 360.)  We must examine the entire record to assess whether defendant's admission was given with an understanding of her rights.  (*Id.* at p. 361; accord, *People v. Hinton, supra,* 37 Cal.4th at p. 875, fn. 12.)  We find that it was.  Defendant was represented at trial by counsel.  When the trial court inquired whether defendant was willing to admit her prior conviction, she conferred with her attorney, Lizandro Salas, before doing so.  When defendant admitted the prior conviction allegation was true, she had just undergone a jury trial.  She did not testify at that trial.  Hence she had just exercised her right to remain silent.  The prosecution was forced to prove the charges against her.  Defendant, through counsel, had confronted the adverse witnesses at trial.  Therefore, she would have understood her confrontation right.  Moreover, defendant had extensive experience with the criminal justice system.  She had 14 prior convictions as an adult.  Under the totality of the circumstances, defendant voluntarily and intelligently admitted the prior conviction allegation was true.  (*People v. Hinton, supra,* 37 Cal.4th at p. 875, fn. 12; *People v. Mosby, supra,* 33 Cal.4th at pp. 364-365.)

4

B.  Assessments

The trial court imposed a $30 court facilities assessment (Gov. Code, § 70373, subd. (a)(1)) and a $40 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)). The assessments should have been imposed as to each of the two counts of which defendant was convicted.  (*People v. Sencion* (2012) 211 Cal.App.4th 480, 483-484; see *People v. Alford* (2007) 42 Cal.4th 749, 758, fn. 6.)  The oral pronouncement of judgment must be modified to so provide.  The abstract of judgment is correct in this regard and need not be amended.

## IV.  DISPOSITION

The oral pronouncement of judgment is modified to impose $80 in court operations assessments (Pen. Code, § 1465.8, subd. (a)(1)) and $60 in court facilities assessments (Gov. Code, § 70373, subd. (a)(1)).  The judgment is affirmed in all other respects.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P.J.

We concur:

KRIEGLER, J.                                        O'NEILL, J.*

---

*       Judge of the Ventura Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5