Filed 6/18/13  P. v. McBride CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

| | |
|---|---|
| THE PEOPLE, | C071880 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-111663) |
| v. | |
| BENJAMIN EMMANUEL MCBRIDE, | |
| Defendant and Appellant. | |

A jury convicted defendant Benjamin Emmanuel McBride of two counts of receiving a stolen vehicle (counts 1 & 2; Pen. Code,[1] § 496d).  The offense charged in count 1 occurred on or about December 8, 2011; the offense charged in count 2 occurred on or about January 18, 2012.

In a bifurcated proceeding, the trial court found that defendant had incurred one strike (§§ 667, subds. (b)-(i), 1170.12) and one prior prison term (§ 667.5, subd. (b)).

The trial court sentenced defendant to six years four months in state prison (two years on count 1, doubled for the strike, plus 16 months consecutive on count 2, plus one

---

[1] Undesignated section references are to the Penal Code.

year consecutive for the prior prison term enhancement). The court awarded 161 days of presentence custody credit (135 days of actual credit and 26 days of conduct credit). The court orally imposed fines and assessments including a $30 criminal conviction assessment (Gov. Code, § 70373) and a $40 court security assessment (§ 1465.8, subd. (a)(1)). However, the abstract of judgment gives the amount of the criminal conviction assessment as $40.

Defendant contends (1) he is entitled to day for day conduct credit, and (2) the $40 criminal conviction assessment shown in the abstract of judgment should be reduced to $30, the amount stated orally by the trial court.

The People agree with defendant's first point. They contend, however, that the criminal conviction assessment should be $60 because the assessment (in the amount stated by the trial court) should have been imposed as to both counts 1 and 2. They also contend that, for the same reason, the $40 court security assessment should have been $80.

We shall remand the matter with directions to the trial court to award defendant day for day conduct credit and to impose a $60 criminal conviction assessment and an $80 court security assessment. We shall affirm the judgment as modified.

### FACTUAL AND PROCEDURAL BACKGROUND

Because defendant's contentions do not implicate the facts of his crimes, we recount them briefly.

Freda B. and her daughter bought a 1991 Honda Accord from Ashley H. in 2010, agreeing to pay in installments. Defendant is the father of Ashley H.'s daughter.

Ashley H. testified that she transferred the car's title to Freda B. in February 2011. Ashley H. denied that she had ever signed a document selling the car to defendant.

On the evening of December 7, 2011, Freda B. parked the car in front of her home and locked it. The next morning it was missing.

About a month later, Roseville Police Officer Andrew Bonner found the car (reported stolen) parked on a street with the engine still warm and ticking; defendant's personal effects were inside. Defendant's mother told Officer Bonner that defendant had recently been driving a Honda Accord and pointed out where defendant parked. The car was returned to Freda B.

On January 17, 2012, Freda B. parked the car on the street and locked it. The next morning it was missing.

A week later, Officer Bonner discovered that the Honda Accord was again on the stolen-car list. He found the car parked outside defendant's apartment building. Spotting defendant inside his apartment, Officer Bonner executed an arrest warrant on him.

Searching defendant's apartment, officers found a Department of Motor Vehicles document purporting to show that Ashley H. had sold the car to defendant on "December 12th, 20[unintelligible]." Ashley H.'s purported signature on the document did not match a signature known to be hers.

Defendant testified on his own behalf. He claimed that Freda B. never paid the full purchase price for the car. He loaned her money in return for the temporary use of the car and they shared it for a few months, but she never repaid the loan.

## DISCUSSION

## I

The parties agree that the trial court erred by failing to award defendant day for day presentence conduct credits. We agree with the parties.

Under section 4019, as amended operative October 1, 2011, all persons sentenced to prison for crimes committed on or after that date are entitled to two days of presentence conduct credit for each two days of actual presentence custody. (§ 4019, subds. (b), (c), (h).) Because defendant's crimes were committed after October 1, 2011, he gets the benefit of the current version of section 4019. Therefore, the trial court

3

should have awarded him 134 days of presentence conduct credits. On remand, the court is directed to prepare an amended abstract of judgment reflecting the correct credit award.

## II

As mentioned above, the trial court imposed a $30 criminal conviction assessment (Gov. Code, § 70373), but the abstract of judgment shows the amount as $40. Relying on the rule that the oral pronouncement of judgment controls over the abstract of judgment (*People v. Crenshaw* (1992) 9 Cal.App.4th 1403, 1416; see *People v. Mesa* (1975) 14 Cal.3d 466, 471-472), defendant contends that this court must reduce the assessment to $30.

The People agree that the assessment should be $30, but contend that the trial court erred by failing to impose that assessment as to both counts of which defendant was convicted; therefore, they maintain, the total assessment should be $60. For the same reason, they contend that the $40 court security assessment imposed by the trial court (§ 1465.8) should be increased to $80. We agree with the People.

Government Code section 70373, subdivision (a)(1), provides in part that a criminal conviction assessment of $30 shall be imposed on every felony conviction. Penal Code section 1465.8, subdivision (a)(1), provides (with an exception not relevant here) that a court security assessment of $40 shall be imposed on every conviction of any criminal offense. Thus, both assessments are mandatory for every felony of which a defendant is convicted. (*People v. Sencion* (2012) 211 Cal.App.4th 480, 483-484 (*Sencion*).) The trial court should have imposed both assessments as to both counts.

On remand, the oral pronouncement of sentence shall be corrected to show a criminal conviction assessment of $60 (Gov. Code, § 70373) and a court security assessment of $80 (§ 1465.8). (*Sencion, supra,* 211 Cal.App.4th at p. 485.) The amended abstract of judgment shall show these assessments.

4

**DISPOSITION**

The matter is remanded to the trial court with directions to award defendant 134 days of presentence conduct credit, to impose a criminal conviction assessment of $60 and a court security assessment of $80, and to prepare an amended abstract of judgment which shows these modifications of the sentence.  As modified, the judgment is affirmed.

         BLEASE        , Acting P. J.

We concur:

      BUTZ        , J.

      MAURO       , J.