Filed 5/25/16  P. v. Gutierrez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Mono)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C077327 |
| v. | (Super. Ct. No. MFE14000332) |
| JUAN MANUEL VARGAS GUTIERREZ, | |
| Defendant and Appellant. | |

Defendant Juan Manuel Vargas Gutierrez appeals from a final judgment of conviction following his guilty plea to possession of methamphetamine for sale (Health & Saf. Code, § 11378),[1] transportation of methamphetamine for sale (§ 11379, subd. (a)), transportation of methamphetamine for sale between two noncontiguous counties (§ 11379, subd. (b)), and using a minor as an agent in the sale of methamphetamine (§ 11380, subd. (a)).  The parties agree, and we concur, the trial court erred in calculating the court operations and conviction assessments.  Accordingly, we order the court

---

[1] Undesignated statutory references are to the Health and Safety Code.

1

operations assessment reduced from $200 to $160, and the court facilities assessment reduced from $150 to $120.

## BACKGROUND[2]

Defendant was charged by complaint with four counts as follows: (1) possession of methamphetamine for sale (§ 11378; count 1); (2) transportation of methamphetamine for sale (§ 11379, subd. (a); count 2); (3) transportation of methamphetamine for sale between two noncontiguous counties (§ 11379, subd. (b); count 3); and (4) using a minor as an agent in the sale of methamphetamine (§ 11380, subd. (a); count 4).

The complaint improperly treated conspiracy in violation of Penal Code section 182 as an enhancement allegation, rather than an independent substantive offense. Thus, with respect to counts 1, 2, and 4, the complaint alleged defendant conspired with Maria Socorro Vargas Gomez and another unknown person to commit the charged offenses.

Defendant pleaded guilty to all four counts alleged in the complaint. Defendant also pleaded guilty to the "charge" of conspiracy to sell and transport methamphetamine. Defendant was then sentenced to serve an aggregate term of six years in state prison. The trial court also imposed various fines and fees, including "five court security assessments of $40 each, for a total of [$]200; [and] five [court facilities] assessments of $30 each for a total of $150."

Shortly thereafter, the prosecutor moved to strike the conspiracy allegations from the complaint. The trial court granted the motion, stating, "Stricken. So no conviction for Penal Code section 182(a)(1)." The trial court did not recalculate the court operations and court facilities assessments to reflect the fact defendant was convicted by plea of only four offenses, not five.

Defendant filed a timely notice of appeal.

---

[2] We dispense with a recitation of the facts surrounding defendant's crimes as they are not relevant to the issues raised on appeal.

DISCUSSION

On appeal, defendant contends the trial court erred in calculating the court operations assessment imposed pursuant to Penal Code section 1465.8 and the conviction assessment imposed pursuant to Government Code section 70373. The People concede the error. We have reviewed the record and agree with the parties.

Penal Code section 1465.8, subdivision (a)(1), provides: "To assist in funding court operations, an assessment of forty ($40) shall be imposed on every conviction for a criminal offense." Thus, a $40 court operations assessment applies to each count of which a defendant is convicted. (*People v. Sencion* (2012) 211 Cal.App.4th 480, 483-484.)

Government Code section 70373, subdivision (a)(1), provides: "To ensure and maintain adequate funding for court facilities, an assessment shall be imposed on every conviction for a criminal offense . . . . The assessment shall be imposed in the amount of thirty dollars ($30) for each misdemeanor or felony and in the amount of thirty-five dollars ($35) for each infraction." Thus, a $30 court facilities assessment applies to each count of which a defendant is convicted. (*People v. Sencion, supra*, 211 Cal.App.4th at pp. 483-484.)

In this case, defendant was convicted by plea of four counts, not five. Therefore, the court operations assessment should have been four times $40, or $160. (Pen. Code, § 1465.8, subd. (a)(1).) The court facilities assessment should have been four times $30, or $120. (Gov. Code, § 70373, subd. (a)(1).) The trial court erred in imposing court operations and court facilities assessments of $200 and $150, respectively.

DISPOSITION

The judgment is modified by reducing the court operations assessment pursuant to Penal Code section 1465.8, subdivision (a)(1), from $200 to $160, and the court facilities assessment pursuant to Government Code section 70373, subdivision (a)(1), from $150 to $120. As modified, the judgment is affirmed. The trial court is directed to prepare an

amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.

|                          |
| ------------------------ |
| _____/s/_____     |
| HOCH, J.                 |

We concur:

_____/s/_____
BLEASE, Acting P. J.

_____/s/_____
RENNER, J.