Filed 6/21/16  P. v. Ong CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C078740 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF14533) |
| v. | |
| ROBERT LEE ONG, | |
| Defendant and Appellant. | |

Defendant Robert Lee Ong pled no contest to four counts of assault with a semiautomatic firearm and one count of being a felon in possession of a firearm.  The trial court sentenced him to an aggregate term of 12 years eight months in prison.

On appeal, defendant contends, and the People concede, the trial court erred by imposing a restitution fine (Pen. Code,[1] § 1202.4, subd. (b)) and a parole revocation

---

[1]     Undesignated section references are to the Penal Code.

1

restitution fine (§ 1202.45) on each count; however, the parties disagree as to the correct amount of the fines. Defendant contends (based on the minutes of the sentencing hearing) that the restitution fines should total $2,900 each, while the People contend (based on the reporter's transcript of the sentencing hearing) that the fines should total $3,900 each.

We conclude the People are correct, and therefore modification of the judgment, correction of the minutes of the sentencing hearing, and amendment of the abstract of judgment are appropriate here.

## DISCUSSION[2]

With respect to restitution fines, the trial court orally pronounced (consistent with the recommendation in the probation report) as follows: "Restitution fine on Count 1 is $1,800. That's imposed. Second $1,800 restitution fine is suspended. [¶] On Count 2, $600 restitution fine is imposed. $600 restitution fine is suspended. [¶] Count 3, $600 restitution fine is imposed. $600 restitution fine is suspended. [¶] Count 4, $600 restitution fine is imposed. $600 is suspended. [¶] Count 9, $300 restitution fine is imposed. $300 is suspended." The minutes from the sentencing hearing track the court's oral pronouncement of the separate fines as to each count, except that the minutes reflect two $800 fines on count 1, rather than the two $1,800 fines the court orally pronounced. Meanwhile, the abstract of judgment reflects a single restitution fine of $2,900 and a single parole revocation restitution fine in the same amount. $2,900 is the total of the separate fines reflected in the minutes ($800 plus $600 plus $600 plus $600 plus $300); the total of the separate fines the court orally pronounced is $3,900.

Defendant contends, the People concede, and we agree that the trial court erred by imposing a separate restitution fine and a separate parole revocation restitution fine as to

---

[2] We dispense with a recitation of the underlying facts as they are unnecessary to the resolution of the limited issue raised on appeal.

each count.  Although the number of counts as well as the number of years to which a defendant is sentenced per count may be considered in *determining* the restitution fine (see § 1202.4, subd. (b)(2)), defendant was subject to the imposition of only a single restitution fine and a single parole revocation restitution fine.  (*People v. Sencion* (2012) 211 Cal.App.4th 480, 483.)

The question that remains is what action is appropriate to address the trial court's error.  In his opening brief, defendant requests that we order the minutes amended to reflect a single restitution fine in the amount of $2,900 and a single parole revocation restitution fine in the same amount.  For their part, the People contend "a correction to the sentencing minute order and the abstract of judgment is necessary" because "it is evident [from the court's oral pronouncement] that the trial court intended to impose a restitution fine and a parole revocation restitution fine in the amount of $3,900 rather than $2,900."  In his reply brief, defendant contends remand is the appropriate action because it is not clear what amounts the trial court intended to impose.

We agree with the People that the record supports the conclusion that the trial court ultimately intended to impose a single restitution fine of $3,900 and a single parole revocation restitution fine in the same amount, although the court never actually reached the point of pronouncing those totals.  The court's pronouncement of separate fines for each count appears to have been attributable to the fact that:  (1) that is how the fines were broken out in the probation report; and (2) that is how the form used for the minutes was structured also.  Thus, while the court orally pronounced separate fines attributable to each count, it clearly appears to have been the court's intent to impose total fines that were the aggregates of those separate fines.  Indeed, defendant does not argue otherwise. His argument is that the court intended the separate fines attributable to count 1 to be $800, as reflected in the minutes, instead of $1,800, as reflected in the court's oral pronouncement.  However, the law is clear that the oral pronouncement controls over the clerk's minutes.  (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2; *People v. Zackery*

3

(2007) 147 Cal.App.4th 380, 385.) Thus, we agree with the People that the total fines the trial court intended to impose were $3,900 each.

Contrary to the People's argument, however, it is not enough for us to order correction of the minutes and amendment of the abstract of judgment. Because the court's oral pronouncement is the judgment (see *People v. Thomas* (1959) 52 Cal.2d 521, 529, fn. 3; §§ 1202, 1191), here the judgment was in error because the trial court orally pronounced separate restitution fines as to each count and never pronounced a single restitution fine and a single parole revocation restitution fine for the case as a whole. That error must be corrected. Accordingly, we will modify the judgment by striking the separate restitution fines the trial court imposed as to each count and imposing in their place a single restitution fine in the amount of $3,900 and a single parole revocation restitution fine in the same amount. In addition, we will order the trial court to correct its minutes from the sentencing hearing and to amend the abstract of judgment accordingly.

We reject defendant's argument that remand is appropriate because there is an ambiguity regarding the trial court's intent in imposing the restitution fines. According to defendant, an ambiguity exists because the trial court indicated "zero action needed" in response to his *Fares*[3] letter asking the trial court to correct the restitution fines. However, nothing in the record suggests the trial court reviewed the reporter's transcript to determine whether a discrepancy existed between the oral pronouncement of sentence and the minutes. Indeed, the trial court could have simply reviewed the minutes and the abstract of judgment and found no discrepancy between those documents and thus no need for action. Thus, the trial court's indication of "zero action needed" does not create an ambiguity in the record that would require or justify remand.

---

**3**      *People v. Fares* (1993) 16 Cal.App.4th 954.

## DISPOSITION

The judgment is modified to strike the separate restitution fines imposed as to each count and to impose in their place an aggregate restitution fine of $3,900 and a parole revocation restitution fine, suspended, in the same amount. The trial court is directed to correct the minutes from the sentencing hearing on January 12, 2015, and to amend the abstract of judgment accordingly to reflect an aggregate restitution fine in the amount of $3,900 and an aggregate parole revocation restitution fine in the amount of $3,900. The trial court shall forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

As modified, the judgment is affirmed.

/s/
Robie, Acting P. J.

We concur:

/s/
Duarte, J.

/s/
Renner, J.

5