Filed 8/30/21  P. v. Leal CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STANLEY JOHN LEAL,<br><br>    Defendant and Appellant. | C092133<br><br>(Super. Ct. No. CRF1801278) |

Defendant was charged with vandalism in an amount over $400; misdemeanor driving under the influence of an alcoholic beverage; misdemeanor hit and run resulting in property damage; and misdemeanor resisting, delaying, or obstructing an officer.

On July 25, 2018, defendant pled no contest to the vandalism and driving under the influence charges.  In exchange, the court dismissed the remaining charges.  Under the agreement, imposition of sentence was suspended to afford defendant the opportunity to complete a six-month residential drug treatment program.  If defendant successfully completed the program, he would be given probation with a possible jail term condition of up to 365 days.  If he failed, he agreed to be sentenced to the upper term of three years in state prison.  The factual basis for defendant's plea was found in Marysville Police Department Report No. 1807-1168.

1

According to the People, defendant had been involved in a minor traffic accident, fled the scene, and in an attempt to get away from authorities, broke three windows of an apartment, each valued at $150. Defendant had been under the influence of alcohol at the time. After some discussion, defendant ultimately stipulated to the factual basis.

Defendant was released from custody on August 2, 2018, for participation in the San Francisco Salvation Army Adult Rehabilitation Center. On October 9, 2018, the court issued a bench warrant for defendant's arrest since he absconded from treatment on September 29, 2018.

Following defendant's arrest, the court denied defendant's *Marsden*[1] motion and afforded defendant a second opportunity to complete a six-month residential treatment program. In exchange, defendant agreed to waive his accrued custody credits. Defendant again acknowledged that failure to complete the program would result in imposition of the upper term of three years in prison.

On January 9, 2019, defendant was released from custody to attend residential treatment. However, defendant again absconded from treatment, and the court issued a warrant for his arrest on January 18, 2019. He was arrested and the court denied defendant's second *Marsden* motion. At the next hearing, defendant asked to withdraw his plea, resulting in appointment of conflict counsel, who ultimately reported there was no basis for plea withdrawal. Apparently dissatisfied with this conclusion, defendant filed a pro. per. petition for habeas corpus and related papers arguing he had received ineffective assistance of counsel prior to his no contest plea, which the court denied on March 2, 2020.

At the sentencing hearing, the trial court imposed the upper term of three years for the vandalism charge and sentenced defendant to 180 days concurrent on the driving under the influence of an alcoholic beverage violation. The court also imposed a $300

---

[1]     *People v. Marsden* (1970) 2 Cal.3d 118.

restitution fine on the vandalism charge, a $150 restitution fine on the driving under the influence of an alcoholic beverage charge, a $450 matching suspended parole revocation restitution fine, two $30 court conviction assessment fees, and two $40 court operations fees. Defendant was awarded 89 actual days plus 88 conduct days for a total of 177 days of custody credit. Defendant timely appealed and his request for a certificate of probable cause was denied.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we note that the trial court improperly imposed the restitution fine and parole revocation restitution fines *per count*. Penal Code[2] section 1202.4, subdivision (b), requires the court impose a restitution fine "[i]n every case where a person is convicted of a crime." Section 1202.45, subdivision (a) requires the court impose a matching parole revocation restitution fine in each case where defendant's sentence includes a period of parole.

Here, the court imposed a $300 restitution fine (§ 1202.4) on the vandalism charge, a $150 restitution fine (§ 1202.4) on the driving under the influence of an alcoholic beverage charge, and a $450 matching suspended parole revocation restitution fine (§ 1202.45). This was error. (See *People v. Soria* (2010) 48 Cal.4th 58, 66 [restitution fines are to be imposed in each *case* resolved by a plea bargain]; *People v.*

---

[2] Further undesignated references are to this code.

*Sencion* (2012) 211 Cal.App.4th 480, 483 [restitution fund fine may be imposed only *once* per *case*].)

Because defendant was convicted of a felony, the court had discretion to impose one restitution fine per case in an amount between $300 and $10,000. (§ 1202.4, subd. (b)(1).) The court was then required to impose a matching parole revocation restitution fine. (§ 1202.45, subd. (a).) Given that we cannot tell whether the court would have imposed an amount higher than the $300 imposed for the felony count if the court had understood the scope of its sentencing discretion, we find it necessary to remand the matter to allow the court to exercise its informed discretion. (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1228 ["Defendants are entitled to 'sentencing decisions made in the exercise of the "informed discretion" of the sentencing court,' and a court that is unaware of its discretionary authority cannot exercise its informed discretion"].)

## DISPOSITION

We reverse the judgment as to defendant's restitution and parole revocation restitution fines and remand the matter so that the trial court may reconsider the imposition to those fines in light of the guidance provided by this opinion. The court shall then issue and forward to the Department of Corrections and Rehabilitation an amended abstract of judgment. The judgment is otherwise affirmed.

/s/
Robie, J.

We concur:

/s/
Blease, Acting P. J.

/s/
Renner, J.

4