Filed 11/29/21  P. v. Holmes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>CLARENCE AUSTIN HOLMES,<br><br>        Defendant and Appellant. | C091586<br><br>(Super. Ct. No. 19FE018565) |

Appointed counsel for defendant Clarence Austin Holmes filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Having reviewed the record as required by *Wende*, we will modify the judgment to correct the erroneous imposition of restitution fines per count.  Finding no other arguable errors that are favorable to defendant, we will affirm the judgment as modified.

1

FACTUAL AND PROCEDURAL BACKGROUND

The People's amended felony information charged defendant with assault with force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4); count one);[1] possession of methamphetamine and heroin in jail (§ 4573.6; count two); and resisting, delaying, or obstructing peace officers (§ 148, subd. (a)(1); count three).

The matter was tried to a jury, which was unable to reach a verdict as to the assault, but found defendant guilty of the possession and resisting counts. Thereafter, the People's request to dismiss the assault count in the interest of justice was granted. Given the jury verdict, the court determined defendant had violated probation in another matter and revoked that probation, sending both matters to probation for the preparation of a sentencing recommendation. According to the probation report, defendant had been driving a stolen car when the authorities attempted to detain him. Defendant ignored their commands and fled on foot, hiding in a nearby apartment complex. He was arrested after an altercation with the victim from the dismissed count. Defendant then discarded a bindle of cocaine while being processed into jail. He was then strip searched, at which time authorities discovered a plastic bag containing bindles of cocaine, methamphetamine, and heroin.

At the sentencing hearing, the court denied defendant's request for probation and, after giving its reasons, sentenced him to the upper term of four years on count two, with two years of that sentence to be served on mandatory supervision. For count three, the court imposed 134 days to run concurrent to count two. Defendant received 134 days' actual credit plus 134 days' conduct credit for a total of 268 days' custody credit. The court also imposed a $300 restitution fine for count two (§ 1202.4, subd. (b)), a matching suspended $300 parole revocation restitution fine (§ 1202.45), and a $150 restitution fine

---

[1]     Undesignated statutory references are to the Penal Code.

for count three (§ 1202.4, subd. (b)).[2]  All other fines and fees were waived in light of defendant's inability to pay.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we note that the trial court improperly imposed the restitution fines *per count*.  Section 1202.4, subdivision (b) requires the court impose a restitution fine "[i]n every case where a person is convicted of a crime."  Here, the court imposed a $300 restitution fine (§ 1202.4) on count two, a $300 matching suspended revocation restitution fine (§ 1202.45), and a $150 restitution fine (§ 1202.4) on count three.  This was error.  (See *People v. Soria* (2010) 48 Cal.4th 58, 66 [restitution fines are to be imposed in each *case* resolved by a plea bargain]; *People v. Sencion* (2012) 211 Cal.App.4th 480, 483 [restitution fund fine may be imposed only *once* per *case*].)  The trial court already struck the $150 revocation restitution fine erroneously included in the amended minute order, however, both the trial court and appellate counsel failed to recognize that the $150 restitution fine separately imposed for the misdemeanor count also was improper.

---

**2**     Defendant's appellate counsel obtained an amended minute order and abstract of judgment to correct the notation of a single $450 restitution fine, rather than the $300 minimum restitution fine for count two and a $150 minimum restitution fine for the misdemeanor in count three.  Appellate counsel further obtained an amended minute order eliminating the matching $150 revocation restitution fine erroneously included on that order.

Because the trial court found defendant was unable to pay anything but the mandatory restitution fines, we find it unnecessary to remand to allow the trial court to consider whether it would impose a higher restitution fine in light of this limitation. Rather, we will modify the judgment to strike the $150 restitution fine imposed on count three. Because we find no other errors favorable to defendant, we will otherwise affirm the judgment.

### DISPOSITION

We modify the judgment to strike the $150 restitution fine imposed on count three. The trial court is directed to prepare an amended minute order reflecting this change in the judgment. The judgment is affirmed as modified.

                                                                        KRAUSE , J.

We concur:

BLEASE , Acting P. J.

RENNER , J.