Filed 3/4/22  P. v. Anderson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C093934 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 17F3799, 18F8075, 19F1009) |
| v. | |
| STONEY ALLEN ANDERSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Stoney Allen Anderson filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We ordered supplemental briefing regarding two perceived sentencing errors; the parties agree in their briefing that the record evinces errors and that the case should be remanded with directions to the trial court to rectify these errors.  Accordingly, we will remand the case for resentencing with directions and otherwise affirm the judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

This case returns to us after we previously remanded the case for resentencing. (*People v. Anderson* (July 17, 2020, C090268) [nonpub. opn.] (*Anderson*).) In our previous opinion, we summarized the three cases that were at issue in the appeal, saying: "This appeal involves three different cases. In case No. 17F3799, defendant pleaded no contest to inflicting corporal injury on a dating partner (Pen. Code, § 273.5, subd. (a); count one)[1] and assault with a deadly weapon (§ 245, subd. (a)(1); count two). In case No. 18F8075, a jury found defendant guilty of two counts of inflicting corporal injury on a dating partner. (§ 273.5, subd. (a); counts one and two.) The court found true an allegation of a prior prison term for a 2012 conviction for receiving a stolen motor vehicle (§ 496, subd. (d)) under section 667.5, subdivision (b). The court also found true multiple allegations of prior convictions in case No. 17F3799. In case No. 19F1009, defendant pleaded no contest to one misdemeanor count of preventing or dissuading a witness from testifying. (§ 136.1, subd. (a)(1).) [¶] The trial court sentenced defendant to an aggregate term of 13 years eight months in state prison, including one year for the prior prison term enhancement." (*Anderson,* C090268.)

Defendant appealed, asserting the prior prison term enhancement should be vacated because of the passage of Senate Bill No. 136 (2019-2020 Reg. Sess.) and challenging the fines and fees the court purportedly imposed at sentencing. (*Anderson, supra*, C090268.) We struck the enhancement and remanded the case for a full resentencing in light of the changed circumstances. (*Ibid.*) As to the fines and fees, we observed the trial court had neglected to impose any fines and fees in its oral pronouncement, and directed the trial court to consider the issue of fines and fees on remand. (*Ibid.*)

---

[1] Undesignated statutory references are to the Penal Code.

2

At the resentencing hearing, the trial court imposed a total aggregate sentence of 12 years eight months, the same sentence it had previously imposed minus the prior prison term enhancement. The court then considered defendant's custody credits and noted that at the original sentencing, defendant had received credit for a total of 600 days. The court expressed uncertainty as to whether it was required to recalculate defendant's credits as of the resentencing date, and ultimately awarded the same amount of credit: 600 days.

As relevant here, the trial court imposed a $600 restitution fine (§ 1202.4) in case No. 18F8075 and a second $600 restitution fine in case No. 17F3799. The court also imposed a $500 domestic violence fine (§ 1203.097) in case No. 17F3799. The court determined defendant did not have the ability to pay fines and fees, and said it would "strike the fines that are not mandatory, which means that I am still imposing the $600.00 fine for restitution. That is mandated by statute. . . . [¶] [I] will maintain in place the $500.00 of domestic violence fee that was previously imposed and I believe statutorily required. I'm going to leave that one in place pursuant to Section 1203.097 [subd.] (a)(5)."

Defendant timely appealed; the case was fully briefed on February 15, 2022, following supplemental briefing, and was assigned to this panel on November 24, 2021.

DISCUSSION

Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.)

After examining the entire record pursuant to *Wende*, we requested briefing from the parties on whether the trial court erred in failing to recalculate defendant's custody credits at the resentencing hearing, and also failed to exercise informed discretion when it imposed fines and fees that exceeded the statutory minima, despite expressing its

3

intention to strike all nonmandatory fines. The parties agree in their briefing that the errors occurred and remand is appropriate.

"Where a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts." (§ 2900.1.) In other words, "when a prison term already in progress is modified as the result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29.) At defendant's resentencing hearing, the trial court awarded the same number of custody credits it had previously awarded at defendant's original sentencing and did not recalculate defendant's credit to reflect the actual time he had now served, including the time since he had been originally committed to prison custody.[2] We agree with the parties that the trial court must recalculate defendant's custody credits in accordance with *Buckhalter*, and will remand the case accordingly.

The trial court also imposed two $600 restitution fines and a $500 domestic violence fine after expressing its intention to strike all nonmandatory fines. Section 1202.4, subdivision (b), which requires a restitution fine in "every case where a person is convicted of a crime," sets the minimum fine for a felony conviction at $300. A

---

[2]  The trial court apparently believed that the Department of Corrections and Rehabilitation would inform the court if correction was needed. According to the People, no such correction has occurred.

restitution fine is imposed for each case, not each count.[3]  (*People v. Sencion* (2012) 211 Cal.App.4th 480, 483.)  The court's statement that the $600 fines were "mandated by statute," coupled with its expressed intention to strike all nonmandatory fines, suggests its exercise of discretion in imposing these fines was not informed.

Section 1203.097, subdivision (a)(5)(A) requires the imposition of a $500 domestic violence fine, but permits the reduction or waiver of the fine if the trial court finds a defendant lacks the ability to pay.  Imposing the fine here was inconsistent with the trial court's statement that it would be striking all nonmandatory fines, and it is not clear that the court understood it had discretion to strike or reduce the fine.  Where "the record is at the very least ambiguous as to whether the court understood" its discretion, remand is appropriate.  (*People v. Ochoa* (2020) 53 Cal.App.5th 841, 853; *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)  Accordingly, we will remand for resentencing so the trial court may exercise informed discretion as to the fines and fees imposed.

Finding no other errors that would result in a disposition more favorable to defendant, we otherwise affirm the judgment.

---

[3]  The trial court may, but is not required to, *calculate* the amount of the restitution fine as a product of the number of counts in a case.  (§ 1202.4, subd. (b)(2).)

5

## DISPOSITION

The matter is remanded for resentencing, where the trial court must recalculate the number of custody credits to which defendant is entitled and exercise its discretion in imposing fines and fees. At the conclusion of the resentencing, the trial court is directed to prepare an amended abstract of judgment and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

      /s/

Duarte, J.

We concur:

      /s/

Mauro, Acting P. J.

      /s/

Renner, J.