Filed 1/18/23  P. v. Lindstrom CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>GARY LEE LINDSTROM,<br><br>      Defendant and Appellant. | A164246<br><br>(Napa County Super. Ct.<br>No. 20CR001844) |

Defendant Gary Lee Lindstrom appeals from a judgment following his plea of no contest to one count of gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a)[1]) and two counts of driving under the influence (DUI) causing injury (Veh. Code, § 23153, subds. (a) & (b)), plus great bodily injury enhancements as to the DUI counts (§ 12022.7, subd. (a)). The trial court imposed sentences for each count, but stayed the sentence for one of the DUI counts pursuant to section 654.  Defendant filed a notice of appeal indicating this appeal is based on post-plea matters.

Defendant's court-appointed counsel filed a brief raising no issues and seeking our independent review of the record pursuant to *People v. Wende*

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

1

(1979) 25 Cal.3d 436. The brief includes counsel's declaration stating that counsel reviewed the record and determined a brief raising no issues was appropriate; counsel informed defendant of his right to file a supplemental brief within 30 days; and counsel informed defendant that he could request the court to relieve him as counsel. A proof of service accompanying the brief indicates it was served on defendant by mail on July 28, 2022. Far more than 30 days has now elapsed, and defendant has not filed a supplemental brief.

We reviewed the entire record on appeal and asked for further briefing on a single issue. Specifically, we asked if the judgment must be modified to impose a $40 court operations assessment (§ 1465.8, subd. (a)(1)) and a $30 conviction assessment (Gov. Code, § 70373, subd. (a)(1)) as to *each* count defendant was convicted of, including the stayed count. In our letter requesting supplemental briefing, we cited to case law holding that a section 654 stay does not extend to the court operations and conviction assessments at issue in this case. (*People v. Sencion* (2012) 211 Cal.App.4th 480, 483–484.) We also observed the record indicates defendant was convicted of three counts, but the sentencing minute order and abstract of judgment indicate the trial court only imposed an $80 court operations assessment pursuant to section 1465.8, and a $60 conviction assessment pursuant to Government Code section 70373.

We received supplemental briefs from the parties. Defendant concedes there was error and that the aforementioned assessments are required for each count a defendant is convicted of, even when punishment is stayed pursuant to section 654. But, citing *People v. Son* (2020) 49 Cal.App.5th 565 (*Son*), he argues we should remand the matter to the trial court so that he may have the opportunity to request an ability to pay hearing. He asserts his "financial circumstances have likely changed significantly for the worse since

2

he was sentenced" and notes the court had not determined restitution at the time of the sentencing hearing and the prosecution was seeking a multi-million dollar restitution award.

The People respond that the record on appeal discloses "there has been neither claim nor finding of indigence or inability to pay. [Defendant] is in good health and has been steadily employed as an electrician." Moreover, "[t]he lack of any evidence of inability to pay these assessments precludes any implied reduction in them due to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 or *People v. Son* (2020) 49 Cal.App.5th 565."

Ultimately, we agree with the People. *Son* involved a defendant convicted for committing voluntary manslaughter in 2011. (*Son, supra,* 49 Cal.App.5th at p. 576.) At sentencing, the trial court imposed a $30 court facilities assessment pursuant to Government Code section 70373 (now called a conviction assessment), and a $40 court operations assessment pursuant to section 1465.8. (*Son*, at p. 577.) On appeal, relying on the then-recent opinion in *People v. Dueñas, supra,* 30 Cal.App.5th 1157, the defendant argued it was error to impose the assessments without a hearing regarding his ability to pay them. (*Son*, at p. 575.) The appellate court agreed, concluding that "courts must give defendants an opportunity to request an ability to pay hearing for purposes of showing they are in fact unable to pay these assessments." (*Id.* at p. 591.) But the court also stated: "[the defendant] did not have an opportunity to request an ability to pay hearing to make a showing that he could not pay the court assessments imposed at sentencing. Accordingly, 'no evidence exists in the record from which to infer any findings in this regard.' " (*Ibid.*)[2]

---

[2]     Presently, the issue of whether a court must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments, is

3

This case is distinguishable from *Son*. Defendant's sentencing hearing occurred in October 2021, well after *Dueñas* and even *Son*. Defendant neither objected on the ground of inability to pay nor requested an ability to pay hearing below, though he had ample opportunity to do so, such as when probation recommended the aforementioned assessments and other fines be imposed, or when the sentencing court actually imposed the aforementioned assessments, along with a $300 restitution fine, $7,500 in restitution to the California Victim Compensation Board, and a $1723 DUI fine.

We do not read *Son* as requiring a new opportunity to request an ability to pay hearing when correcting relatively small assessment amounts, such as in this case, when a defendant has already had the opportunity to object to greater fines, fees, and assessments on the ground of ability to pay. And, in this case, we note that the total amount at issue is $70. There is no evidence in the record that defendant is unable to pay this amount. Various statements submitted at sentencing, including defendant's, indicate he remained gainfully employed at the time of sentencing. Defendant—still a fairly young person— relayed to the probation department that he had no physical or mental health issues. We will modify the judgment to correct the amounts of the assessments imposed.

## DISPOSITION

The judgment is modified to impose a total of $120 in court operations assessments (§ 1465.8, subd. (a)(1)) and a total of $90 in conviction assessments (Gov. Code, § 70373, subd. (a)(1)). The trial court is ordered to prepare an amended abstract of judgment and forward a certified copy to the

---

before the California Supreme Court. (*People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.)

4

Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


                              FUJISAKI, J.

WE CONCUR:


TUCHER, P.J.


RODRÍGUEZ, J.

*People v. Lindstrom* (A164246)

5