Filed 5/13/22  P.v. Dahlem CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>JACOB MICHAEL DAHLEM,<br><br>    Defendant and Appellant. | C094655<br><br>(Super. Ct. No. 19F1929) |

Defendant Jacob Michael Dahlem appeals the trial court's judgment denying his request for probation and sentencing him to an aggregate prison term of six years.  He asserts and the People agree that:  (1) the trial court erred in determining he was presumptively ineligible for probation; and (2) he is entitled to remand for a full resentencing in light of recent amendments to Penal Code[1] section 1170.  For the reasons explained herein, we concur that defendant is entitled to remand for a new probation

---

[1]    Undesignated section references are to the Penal Code.

1

determination and full resentencing under amended section 1170. Accordingly, we will vacate defendant's sentence and remand for further proceedings consistent with this opinion.

BACKGROUND

Defendant was charged with causing bodily injury while driving under the influence of alcohol (count 1) and causing injury while driving with a blood-alcohol content of 0.08 percent or more (count 2). It was alleged as enhancements to both counts that defendant caused great bodily injury and bodily injury to more than one victim.

Defendant pled no contest to both counts and admitted the associated enhancements. The stipulated factual basis for his plea was the preliminary hearing transcript. This transcript reflected that defendant was driving under the influence of alcohol when he took an off-ramp too fast and collided with a truck, causing the ejection of the driver, who died. Defendant's passenger was also injured in the crash. Defendant's preliminary alcohol screening tests from the scene came back at 0.091 and 0.097 percent, while his evidentiary preliminary alcohol screening tests later administered at the patrol office came back at 0.08 and 0.10 percent.

Thereafter at the August 17, 2021, sentencing hearing, the court gathered evidence from the parties, noted its review of various materials (including the probation sentencing report), and listened to argument of counsel. The trial court then determined defendant was presumptively ineligible for probation because he had used a deadly weapon and the crime involved great bodily injury given that the victim died. Further, there were no facts justifying a grant of probation under the circumstances.

The court then sentenced defendant to an aggregate prison term of six years comprised of the midterm of two years for count 1, plus three years for the great bodily injury enhancement, plus one year for the multiple victim enhancement, and the upper term of three years stayed under section 654 for count 2. The trial court also imposed a $300 restitution fine, a $300 suspended parole revocation restitution fine, a $40 court

2

operations assessment, and a $30 criminal conviction assessment.[2]  All remaining fines and fees were permanently stayed, and defendant was ordered to pay $1,396.14 in victim restitution to the California Victim Compensation Board.  Defendant timely appealed and did not request a certificate of probable cause.

DISCUSSION

I

*Eligibility For Probation*

Consistent with the probation department's presentencing recommendation, the trial court determined defendant was presumptively ineligible for probation because the crime involved great bodily injury given that the victim died.  (§ 1203, subd. (e)(3).)  Defendant asserts, and the People agree, that the trial court erred in finding defendant presumptively ineligible for probation because there was no evidence that he acted willfully.  We concur.

Section 1203, subdivision (e)(3) provides in pertinent part, "Except in unusual cases in which the interests of justice would best be served if the person is granted probation, probation shall not be granted to any of the following persons:  [¶] . . . [¶] (3) Any person who willfully inflicted great bodily injury or torture in the perpetration of the crime of which that person has been convicted."  This has been interpreted to require that a defendant "inten[d] to cause great bodily injury or torture, not merely that the crime resulted in great bodily injury or torture."  (*People v. Lewis* (2004) 120 Cal.App.4th 837, 853; *id*. at p. 902 ["The inclusion of the word 'willfully' in section 1203,

---

[2]     It was error for the court to assess the $30 and $40 fees as only to one count and not the count stayed under section 654.  (See *People v. Sencion* (2012) 211 Cal.App.4th 480, 484 ["the trial court was required to orally impose a $40 court security fee and a $30 court facilities assessment as to each of the four counts of which defendant was convicted, including the stayed counts"].)  We will direct the court to correct this error on remand absent some valid reason articulated in the record on remand as to why the court is declining to do so.

3

subdivision (e)(3), suggests that the Legislature meant the section to be applicable not merely when great bodily injury is the result of a crime but, rather, when the defendant intended to cause great bodily injury"].)  Here, there is no suggestion that defendant willfully hit the truck, causing the victim's death.  Rather, defendant had no prior record and accidentally collided with the victim's truck when taking an exit at a high rate of speed and while driving under the influence of alcohol.

Moreover, while the briefing on appeal fails to acknowledge the court's alternative finding for defendant's ineligibility for probation, to wit, that he had used a deadly weapon, this finding suffers from a similar problem.  Section 1203, subdivision (e)(2) states a defendant is ineligible for probation if he "used, or attempted to use, a deadly weapon upon a human being in connection with the perpetration of the crime of which that person has been convicted."  However, neither defendant's admission to driving under the influence of alcohol causing injury, nor driving with a blood-alcohol content of 0.08 percent or over establishes that he "used" his vehicle as a deadly weapon *upon* the victim.  (See, e.g., *People v. Nuno* (2018) 26 Cal.App.5th 43, 51-52 [where jury acquitted defendant of assault with a deadly weapon, but found him guilty of felony hit-and-run, it necessarily determined defendant acted accidentally or not willfully, thus, precluding a determination that he used a deadly weapon for purposes of § 1203, subd. (e)(2)]; c.f. *People v. Perez* (2018) 4 Cal.5th 1055, 1066-1068 [recognizing a truck could be used as a "deadly weapon" for Prop. 36 eligibility purposes under § 1170.12, subd. (c)(2)(C)(iii) depending on *how* it is used].)  Rather, defendant lost control and accidentally hit the victim's truck, killing him.

We therefore accept the parties' concession, requiring reversal and remand for the trial court to make a new determination regarding defendant's request for probation. (*People v. Lewis*, *supra*, 120 Cal.App.4th at p. 854; *People v. Ruiz* (1975) 14 Cal.3d 163, 168 ["when . . . the sentencing court bases its determination to deny probation in significant part upon an erroneous impression of the defendant's *legal* status,

4

fundamental fairness requires that the defendant be afforded a new hearing and 'an informed, intelligent and just decision' on the basis of the facts"].)

## II

### *The Amendments To Section 1170*

Defendant asserts and the People concur that he is entitled to remand for a full resentencing in light of changes to section 1170, citing Assembly Bill No. 124. The Governor signed Assembly Bill No. 124 (2021-2022 Reg. Sess.) and Senate Bill No. 567 (2021-2022 Reg. Sess.) on October 8, 2021. These bills became effective January 1, 2022 (Cal. Const., art. IV, § 8, subd. (c)) and make changes affecting the trial court's sentencing discretion in selecting one of the triad terms under section 1170, subdivision (b). (Stats. 2021, ch. 695, § 5.3 [Assembly Bill No. 124]; Stats. 2021, ch. 731, § 1.3 [Senate Bill No. 567].) However, because Senate Bill No. 567 was the last bill signed by the Governor and bears the higher chapter number, its amendments to section 1170 prevail over those specified in Assembly Bill No. 124. (Gov. Code, §§ 9510, 9605, subd. (b); *In re Thierry S.* (1977) 19 Cal.3d 727, 738-739.)

Among other things, Senate Bill No. 567 (2021-2022 Reg. Sess.) provides that "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term," if, as defendant asserts may be pertinent here, the trial court finds an offender's childhood trauma or youth were contributing factors in the offense. (§ 1170, subd. (b)(6), added by Stats. 2021, ch. 731, § 1.3.) The term "youth" in section 1170, subdivision (b)(6)(B) is found in section 1016.7, subdivision (b). Section 1016.7 was added by Assembly Bill No. 124 (2021-2022 Reg. Sess.), and provides "[a] 'youth' for purposes of this section includes any person under 26 years of age on the date the offense was committed." (Stats. 2021, ch. 695.)

5

Here, the parties have agreed that defendant, who was 22 years old at the time the offense was committed, is entitled to resentencing in light of the changes to section 1170. We accept the parties' concession and conclude defendant is entitled to remand and a full resentencing. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

## DISPOSITION

The sentence is vacated, and the matter remanded with directions for the court to conduct a full resentencing hearing consistent with the changes brought about by Senate Bill No. 567 and Assembly Bill No. 124 and any other ameliorative changes to the sentencing laws that might affect defendant. This shall include a new determination of defendant's eligibility for probation. The court shall prepare an amended abstract of judgment and forward a certified copy of that document to the California Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.


/s/
Robie J.



We concur:


/s/
Blease, Acting P. J.


/s/
Duarte, J.

6